E. S. BLODGETT, *Appellant*, v. MYRTLE STEINMETZ and C. F. STEINMETZ, her husband, *Appellees*.

Division A.

Opinion filed July 30, 1929.

*Willard & Knight,* for appellant;

*W. F. Brown* and *Roy S. Wood,* for Appellees.

ELLIS, J.—Myrtle Steinmetz, a married woman, agreed in writing to sell certain of her separate statutory property consisting of a lot of land in Dade county to D. S. Zachry, who paid down $1,250 on the contract price of the land. The transaction was carried on through E. S. Blodgett, Mrs. Steinmetz's agent, to whom Mrs. Steinmetz agreed in writing to pay one-half of the deposit, which was made in cash, if it should be forfeited by the purchaser.

Zachry forfeited the deposit and Mrs. Steinmetz, to whom the money had been paid, repudiated her agreement with Blodgett, kept all of the deposit and refused to pay him the half which she agreed to pay. Blodgett commenced suit against her by bill in chancery in which he seeks to subject her separate statutory property to the payment of the debt which he claims she owes to him. The theory of the bill is that Mrs. Steinmetz's separate statutory property was increased by the activities of Blodgett to the extent of the amount of the Zachry forfeit her separate property may be subjected in equity to the payment of the $625, being half of such forfeiture which she in writing agreed to pay.

A demurrer to the bill was sustained for want of equity and the bill of complaint was dismissed. From that decree Blodgett appealed.

The appellant contends that the agreement in writing made by Mrs. Steinmetz to pay him one-half of the deposit if the purchaser should forfeit the same was such an agreement as is contemplated by Section 2 of Article XI of the Constitution, which is as follows:

"A married woman's separate real or personal property may. be charged in equity and sold, or the uses, rents and profits thereof sequestrated, for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her; or for labor and material used with her knowledge or assent in the construction of buildings, or repair, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

As pointed out in the case of Blood v. Hunt, 97 Fla. 551 121 So. R. 886, there are five distinct classes of cases in which a married woman's separate property may be charged for debts incurred by her; that the remedy afforded by the section will ordinarily operate upon each case as coming within one and only one of the enumerated classes of cases. If a case comes more properly within one of the specified classes of cases the remedy appropriate to that class only should be invoked. See also Citizens Bank & Trust Co. v. Smith, 97 Fla. 601, 121 So. R. 900.

The five classes of cases are enumerated in the opinion in the last cited case. The second class is stated to be "for money or thing due upon any agreement made by her in writing for the benefit of her separate property."

The case made by the bill falls clearly within that class. The agreement was in writing; the $1,250 contemplated as a forfeiture in the event of the failure of Zachry to carry on the purchase became the separate statutory property of Mrs. Steinmetz. The addition of that much money to her property added to its value, contributed to the. benefit of her separate property by exactly that sum. It was produced by the activities of the complainant whom she had employed in the transaction; the agreement was made with

reference to the forfeiture which if it should occur would benefit her separate property. Therefore it is not a question whether the sale of the land if carried out would benefit her separate property. The complainant did not bring his suit upon the contract for commissions that might be due him if the sale should be completed, but upon her agreement in writing to pay him a part of that sum which coming to her as a forfeiture resulting from the purchaser's failure to carry out the contract of purchase would benefit her separate property by the exact amount forfeited.

The agreement made by her was equivalent to the following proposition; since by Blodgett's activities he increased or benefited the separate property of Mrs. Steinmetz by the amount of $1250 forfeited by Zachry because of his failure to purchase the land, Mrs. Steinmetz agreed in writing to pay Blodgett a part of the sum to be received. There can be no question that the lawful acquisition by her of $1250 through the activities of Blodgett benefited her separate property by that sum. It was with reference to that increase or benefit that her agreement in writing was made. She was competent under the provisions of the Constitution to make the agreement. It was for the benefit of her separate property. It resulted as the parties contemplated by an increase or benefit of her separate property to the extent of the sum forfeited. She was required to part with no part of her property to secure it and equity will not support her in a transaction of double dealing nor are the provisions of the Constitution intended to be used as a shield to cover breaches of faith in business transactions into which she may enter. When she makes an agreement in writing with another for the purpose of benefiting her separate property and agrees to pay for the services which bring it about her separate property may be subjected in equity to the end that her agreement shall be enforced and

her obligation discharged. If her separate property is actually benefited by the services of one whom she engages and her agreement in writing is made with him for that purpose she is clearly liable.

The allegations of the bill are sufficient as against the demurrer to entitle the complainant to the relief prayed and the demurrer should have been overruled.

The decree appealed from is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.