THE STATE OF FLORIDA Upon Relation of GEORGE E. WARREN, *Plaintiff in Error*, v. M. P. LEHMAN, as Sheriff of Dade County, Florida, *Defendant in Error*.

Division B.

Opinion filed October 21, 1930.

Petition for rehearing denied November 26, 1930.

*Price, Price & Kassewitz,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and H. E. Carter, Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error sued out writ of *habeas corpus* and upon a hearing before the circuit court was remanded to the custody of the sheriff after being arrested on a warrant charging the violation of the provisions of Section 5308, Rev. Gen. Stats., 7435 Comp. Gen. Laws, in the failure to procure a license tax as required by Section 6-(d) of Chapter 14491, Acts of 1929, which sub-section is as follows:

"APARTMENT HOUSES — Apartment houses, furnished and rented to transient guests, renting two rooms or more, shall pay a license tax of fifty cents for each room and twenty-five cents for each bath room in such apartment house. The words, 'Apartment Houses' in this sub-section shall not apply to rooms rented out by the owner who also occupies the building containing such rooms as his actual home or residence, nor shall this sub-section apply to apartment houses containing less than three rooms."

The clause, "the words, 'Apartment Houses,' in this sub-section shall not apply to rooms rented out by the owner who also occupies the building containing such rooms as his actual home or residence, nor shall this sub-section apply to apartment houses containing less than three rooms," can not be construed to have been intended by the legislature to relieve from the payment of the tax therein prescribed the owner of an apartment house who happens to occupy an apartment or a unit in such apartment house as his residence.

It is clearly the intention of the legislature in the use of the above quoted language to relieve from the tax the regular home owner who happens to rent rooms in his residence and, therefore, the provision of the Act is not discriminatory. In other words, the Act applies to apartment houses as such and not to private residences in which rooms may be rented by the owner and occupant to transients.

Placing the above stated construction upon the language of the statute, the judgment of the circuit court should be affirmed upon authority of the opinion in the case of Hiers v. Mitchell, 95 Fla. 345, 116 So. R. 81, and cases there cited, and upon the opinion in the case of Johnson, Sheriff, v. State ex rel. Fox, filed April 2, 1930, reported 127 So. R. 317. It is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.