ROBERT M. SIMPSON, as Tax Collector in and for Dade County, State of Florida, *Appellant*, vs. GEORGE E. WAR-
REN, *Appellee*.

143 So. 602.

Division B.

Opinion filed September 17, 1932.

Petition for rehearing denied October 25, 1932.

*Hudson & Cason* and *Bart A. Riley,* for Appellant;
*Price, Price & Hancock,* for Appellee.

PER CURIAM.—This was an equity suit against the Tax Collector of Dade County to prevent his enforcement by seizure and sale of appellee's property, the license tax provided by Section 6; paragraph (d) of Chapter 14491, Acts of 1929, relating to apartment houses.

The paragraph and section of the 1929 Act in question was held to be constitutional, and its meaning construed, in the case of State ex rel. George E. Warren v. Lehman, Sheriff, 100 Fla. 970, 130 Sou. Rep. 716.

Sections 23 and 24 of Chapter 14491, Acts of 1929, read as follows:

"Section 23. The payment of all license taxes shall be enforced by the seizure and sale of the property by the tax collector, or in case of State license taxes payable either to the State Treasurer or Comptroller, by the State Treasurer or Comptroller, as the case may be, and it is hereby made the duty of the tax collector and County Judge to report to the Comptroller and State's Attorney any violation of this chapter.

"Section 24. Whenever it shall be necessary for the Comptroller or State Treasurer to enforce the payment of any license taxes to either of said officials, they are hereby authorized and empowered to issue a warrant directing the sheriff of any county to collect the same by levy and sale, and any such warrant shall have the

same force and effect as an execution from the Clerk of the Circuit Court, and the sheriff shall receive the same fees as provided by law in the case of executions from the Clerk of the Circuit Court.''

The contentions that the Sections are unconstitutional is sufficiently answered by the numerous adjudicated cases which have upheld the process of distress for unpaid taxes as a summary remedy which has been in use in this country since before the Revolution, and has always been held to constitute due process of law. Springer v. United States, 102 U. S. 586, 26 L. Ed. 253; Stone v. Sponaugle, 45 W. Va. 415, 32 S. E. 283, 43 L. R. A. 727; Wulzen v. Board of Sup'rs of San Francisco County, 101 Cal. 15, 35 Pac. 353, 40 A. S. R. 17; Grossfeld v. Baughman, 149 Md. 330, 129 Atl. 370; Den v. Hoboken Land & Imp. Co., 18 How. 272, 15 L. Ed. 372; Palmer v. McMahon, 133 U. S. 660, 10 Sup. Ct. 324, 33 L. Ed. 772; King v. Mullen, 17 U. S. 404, 18 Sup. Ct. 925, 43 L. Ed. 214; Kelly v. City of Pittsburgh, 104 U. S. 78, 26 L. Ed. 658.

The tax here is directly laid by the statute and requires no assessment to determine its amount or application. The seizure, or threat of seizure by the tax collector, can be reached by a court of equity under Chapter 8586, Acts of 1921, and under that Act the Court has the right to determine all questions of liability of the property seized for the tax sought to be collected through its seizure and sale. This is plainly due process of law, if the common law remedies available for an illegal, unauthorized or unwarranted seizure and sale are not adequate to afford due process in the premises.

The repeal of subsection D of Section 6, Chapter 14491, Acts of 1929, by Chapter 14644, Acts of 1931, did not take effect until June 15, 1931, and does not purport to be made retroactive.

Where a statute which provides for the collection of a particular tax is valid, and taxes from some have been collected under it, the Legislature is without power to unconstitutionally discriminate against, and deny the equal protection of the laws to, the class of taxpayers who have already paid such tax while the statute was in force, by arbitrarily remitting or wiping out by repeal of the statute or otherwise, the liability of those who have by their delinquency evaded or postponed payment for the time being. And indeed in the present case, no such result seems to have been intended by the enactment of Chapter 14644, Acts of 1931, which is prospective in operation only.

The decree appealed from is reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

ON PETITION FOR REHEARING.

PER CURIAM.—The Court below having held a statute unconstitutional pursuant to which holding it sustained a bill in equity brought to enjoin the collection of a tax authorized by the statute, this Court by its judgment and opinion filed September 17, 1932, reversed the final decree rendered below enjoining the collection of the tax, but gave no direction for dismissal of the bill.

Appeals here in equity cases are under our system but steps in the cause (Palm Beach Estates versus Croker, decided at the present term, and cases cited therein), and when a final decree is reversed without directions to the court below to enter a particular decree or to dismiss the bill, the effect of the reversal is to remand the cause to the court below for further decree in accordance with and not inconsistent with, the ruling of the Supreme Court, with leave to the nisi prius court to take

such other and further proceedings in the cause as may be according to right and justice in arriving at another decree which will accord with the mandate of the appellate court in the premises.

Petition for rehearing denied.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.