**STENGEL et al. v. UNITED STATES FIDELITY & GUARANTY CO.***

No. 8503.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1938.

*Rehearing denied June 16, 1938.

Paul Pinkerton, of Tampa, Fla., for appellants.

J. A. Franklin and R. A. Henderson, Jr., both of Fort Myers, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment in equity impressing certain described real estate and a judgment hereafter referred to, all separate property of appellant, with a lien in favor of appellee for the recovery of $3,360.25. The following material facts are not disputed:

Appellant Olive Stengel, a married woman, claimed as her separate property two promissory notes, executed to her order by Thomas M. Biggar, each in the sum of $1,985.69, which, together with accrued interest, were of the value of $7,000. The notes were in possession of John T. Chapman, an attorney who represented her in a real estate transaction with Biggar, in connection with which the notes were given, and he declined to surrender them. Appellant instituted an action of replevin against Chapman and gave bond in the sum of $14,000, with appellee as surety.

Final judgment was rendered in the replevin suit awarding one note to Chapman and the other to appellant. As a result of this judgment appellee was obliged to pay Chapman the sum of $3,360.25. Later appellant recovered judgment against Biggar on the note awarded to her. This is the judgment made subject to the lien in favor of appellee.

To induce appellee to write the replevin bond, appellant executed a written application in which she stated her separate net assets were approximately $125,000, and agreed to indemnify appellee for any liability sustained by it in consequence of having executed the bond. This suit was brought on that agreement.

While a personal action would not lie against appellant for breach of contract, under the law of Florida, article 11, section 2, Constitution 1885, a married woman's separate real or personal property may be charged in equity with a lien and sold for the recovery of money due upon any agreement made by her in writing, for the benefit of her separate property. Such written agreements do not depend upon any formalities for their validity, and the resulting lien is not restricted to the particular property benefited but may be imposed upon all her separate property. Blodgett v. Steinmetz, 98 Fla. 238, 123 So. 761; Ziegler v. Fort Lauderdale Securities Co., 102 Fla. 346, 135 So. 838; Deno v. Smith, 103 Fla. 282, 137 So. 248, 140 So. 335.

We entertain no doubt that the written agreement executed by appellant was sufficient basis for the suit and the record supports the conclusions of the District Court.

The record presents no reversible error.

The judgment is affirmed.