MARY I. DAVIS, *et vir,* v. BEN BATTLE and ROBERT T. HICKS, a Co-partnership Doing Business Under the Partnership Name of BATTLE & HICKS.

192 So. 607

En Banc

Opinion Filed November 28, 1939

Rehearing Denied January 4, 1940

*Copeland & Therrel,* for Appellants;

*Redfearn & Ferrell,* for Appellees.

THOMAS, J.—As will be seen, this is the second chapter in the story of this litigation. A thorough discussion of the issues involved in the controversy appears in the decision of this Court, Davis v. Battle, 132 Fla. 240, 182 South. Rep. 243, 117 A. L. R. 742, and on the record then presented to the Court it was decided that the chancellor erred in entering a decree in behalf of the plaintiffs, this language having been used in the conclusion: "The decree appealed from is reversed for further proceedings not inconsistent with this opinion." 132 Fla., text page 252; 182 So., text page 248; 117 A. L. R., text page 748.

There is no need to elaborate on the circumstances reflected in the transcript at the time it was considered before, and in this second appeal we will confine ourselves to the proceedings taken after the return of the mandate to the circuit court. Immediately it was filed, the defendants, appellants now, presented their motion for final decree and before ruling was made on it the plaintiffs, present appellees, sought permission to take further testimony on re-reference of the cause to the special matter. The chancellor, having before him the two motions, entered a final decree specifically granting the former and denying the latter. Subsequently a rehearing was allowed, the final decree was set

aside and the cause sent to the master for the purpose of taking additional evidence.

We find no irregularity in the action of the chancellor in allowing further testimony to be taken in view of the expression employed in the former decision and our ruling in Simpson v. Warren, 106 Fla. 688, 143 South. Rep. 602, 144 South. Rep. 324, as follows:

"Appeals here in equity cases are under our system but steps in the cause (Palm Beach Estates v. Croker [Fla., 143 So. 792] decided at the present term, and the cases cited therein), and when a final decree is reversed without directions to the court below to enter a particular decree or to dismiss the bill, the effect of the reversal is to remand the cause to the court below for further decree in accordance with, and not inconsistent with, the ruling of the Supreme Court, with leave to the *nisi prius* court to take such other and further proceedings in the cause as may be according to right and justice in arriving at another decree which will accord with the mandate of the appellate court in the premises." 106 Fla., text 691, 143 So. 602, 144 So., text page 324,—so we will proceed to consider the matter further on the merits as its status may be affected by the steps taken subsequent to the mandate. See also Hart's Ex'r. v. Smith, 20 Fla. 58.

If we are to affirm the decree eventually entered in favor of the plaintiffs, we must find, in the supplementary report of the master, facts causing us to recede from the former decision that the plaintiffs could not prevail. This additional report discloses that plaintiff's theory was that because the original contract provided for the sale of property to a prominent and successful pioneer developer, although his name does not appear as a party to it, the result, solely on account of the purchaser's reputation for shrewdness in

judging real estate values, was an increase in the purchase price from the amount of $56,000, appearing in the original agreement, to $75,000, for which the property ultimately sold.

To arrive at the conclusion to which we are urged by the appellees, we would have to reason thus: Defendant, a married woman, agreed to sell her property to a certain real estate man and developer, the actual party in interest, to a contract signed by appellants. The prospective purchaser's reputation for astuteness was such that a reported sale to him automatically raised the price of other land near by. So great was this reputation that a rumored sale to him for $56,000, despite the fact that that very sale was not consummated, increased the value of the property which he sought but did not procure, to $75,000; therefore the estate of this married woman was enhanced to the extent of the commission which would have been earned had the original transaction been completed.

If we followed this reasoning we would be led far into the field of speculation and fancy, which was discouraged in the opinion to which we have referred:

"It cannot be a speculative or a contemplated benefit, neither can this benefit depend upon the law of supply and demand or other economic law. The benefit was clearly shown in Blodgett v. Steinmetz (98 Fla. 238, 123 So. 761), *supra*. We have searched in vain for the evidence to support the conclusions of the chancellor below on this point.." Davis v. Battle, *supra,* 132 Fla., text 252,—the phraseology immediately preceding that part of the opinion which we have already quoted. We disapproved speculative or contemplated benefit in the former decision and we feel that the added testimony is not sufficient to justify the con-

clusion ultimately reached by the chancellor; therefore, the decree is—

Reversed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.