**JOHN NEWTON YANDELL v. DOROTHY ELIZABETH YANDELL**

33 So. (2nd) 869 — January Term, 1948

February 17, 1948 — Division B

*J. Lewis Hall and Murrell, Fleming & Flowers,* for petitioner.

*Cushman & Woodward,* for respondent.

BARNS, J.:

This cause come on before this Court on a petition for certiorari under Rule 34 to review an interlocutory decree in equity.

Since the petition in certiorari is to advise the Court and in order that injustice not go without relief, the contents of the petition are very important and, further, it is important that the allegations in the petition be supported by *page references to the record.* The petitioner should present in his petition such of the proceedings as he desires to have reviewed. At times material exhibits may appropriately be attached to the petition, or else they should be plead according to their tenor and effect or, if short in length, copied into the petition, with proper page references.

A statement of the error forming the ground of complaint is required to be stated in the petition according to the essential rules of pleading, for the ascertainment of the precise point in controversy. As distinguished from mere allegations, the petition for certiorari must disclose or show merit and in making out a statement of the case there must be such fullness and certainty in the averments as will show what the case really was, that some material error or injustices has been done the petitioner. It must point out some injury or injustice that has been done and of what such injury or injustice consists.

The only pertinent portions of the record involved in these proceedings are: (1) The award of alimony, under date of January 20, 1947; (2) the testimony before the Chancellor, on August 21, 1947; (3) the order of commitment, of like date. All other matters in the transcript might as well have been omitted, inasmuch as the rule provides that, as to the record to accompany a petition for certiorari, it shall be "a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or *so much thereof as is essential.*" (Supreme Court Rules 28 and 34).

It appears that the Chancellor below, on the 21st day of January, 1947, made an order decreeing that the defendant-petitioner pay to the plaintiff-respondent the sum of $75.00 per week, for the maintenance and support of herself and her two minor children; that on the 21st day of August, 1947, a hearing was had before the Chancellor involving the nonpayment of alimony according to the order of January 21, supra, and that the Chancellor, at the conclusion of the hearing, adjudged the petitioner in contempt of court by reason of his failure to pay to the plaintiff the sum ordered to be paid upon the award.

There was no formal rule or citation directed to the petitioner to show cause why he should not be adjudged in contempt for the non-performance of the court's decree; however, the parties were before the court and the hearing was had concerning his default, which accomplished all that a rule to show cause would have accomplished if it had issued.

Upon a rule to show ause for the non-payment of alimony, the burden of proof and of proceeding rests upon the one who is in default after it has been established that the payments had not been made in conformity with the previous award.

Upon the evidence on the hearing before the Chancellor it was established that the petitioner was making $135.00 per month and that he had sold his automobiles and applied the proceeds to the payment of liens upon them and paid the rest to the wife. It appears from the record that there had been previous hearings concerning the non-payment of the alimony and that the proceedings before the chancellor involving contempt were more in the nature of an inquisition, prosecuted by the wife, as to the ability of the husband to pay, which inquisition failed to reveal that the inability of the alleged contender to obey the court's decree was voluntarily brought upon himself, or due to his own fault, and it likewise failed to reveal that the alleged contemner was able to perform the decree of the court.

Upon the showing made by the record before us, it appears that the Chancellor erred in adjudicating the petitioner in contempt and thereupon it is ordered that certiorari issue and that the order of August 21, 1947, be, and the same is hereby, quashed.

THOMAS, C. J. BUFORD and ADAMS, JJ., concur.