DREW, Chief Justice.
This is the second appearance of this case in this court. In the appeal from the final decree entered in favor of the wife, •sqpra, we affirmed that portion of the decree granting a divorce to the wife on her counterclaim but reversed that part of the .•decree relating to alimony, attorney fees, and costs of suit because it appeared “that the decree went too far in respect to the award granted.” Goode v. Goode, Fla.1954, 76 So.2d 794, 796. The opinion discussed at length the conditions under which lump sum awards should be made and • quoted from Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869; Id., Fla., 39 So.2d 554, 556, particularly with reference to that portion of the decree which awarded the wife one-half interest in certain properties owned by the parties as tenants in common. The opinion concluded with a reversal of the cause “for such further proceedings with reference to the claim for alimony as may conform with law and the principles herein stated.”
Subsequent to the filing of the .mandate in the lower court the wife applied for leave to amend her counterclaim with reference to her claim for alimony by inclusion of a prayer for awarding her the properties of the husband as permanent or lump sum alimony, which prayer was supported by pertinent new allegations. The order of the lower court, dated March 4, 1955, which allowed this amendment is the basis for this certiorari proceedings brought by the husband.
The former appeal disposed of the question of awarding the property to the wife, in a manner contrary to her contentions made on appeal and below. We held that under the circumstances shown by the record she was not entitled to such property. We reversed the cause on this question alone and remanded it for the purpose of allowing the lower court to enter an appropriate order, on the record then before him. In view of our vacating a portion of the decree theretofore entered, orderly procedure required that the lower court *905 have an opportunity to re-evaluate the situation in that light.
On the question of alimony in cases of this nature see Kahn v. Kahn, Fla. 1955, 78 So.2d 367.
Certiorari is granted, the order under review is quashed and the amendment stricken.
TERRELL and ROBERTS, JJ., and PARKS, Associate Justice, concur.