THORNAL, Justice.
Appellant, Lewis L. Bredin, who was plaintiff and cross-defendant below, seeks reversal of a decree of the Chancellor fixing the amount of an award for separate maintenance in favor of appellee, Natalie Berthold Bredin, who was defendant below.
' The question which we must determine is whether the Chancellor committed error in denying to appellant the privilege of offering testimony subsequent to the filing of our mandate in a former appeal. See Bredin v. Bredin, Fla.1956, 89 So.2d 353, 356.
The factual background is adequately set out in our former opinion. We there reversed a final decree entered August 4, 1954. By that decree the Chancellor awarded to Mrs. Bredin alimony in a lump sum on her counterclaim seeking separate maintenance. Although she alleged grounds for divorce, she did not seek a divorce. Section 65.09, Florida Statutes, F.S.A. We held in our prior opinion that alimony in lump sum could not be awarded in such a proceeding. Upon the filing of our mandate the Chancellor set the matter for hearing for further proceedings as directed by the mandate. Reference to our prior opinion will reveal that the final decree was reversed and the cause “remanded for further proceedings” in accordance with the opinion.
When the matter came on for hearing before the Chancellor on November 26, 1956, the appellant Lewis L. Bredin filed a motion seeking permission to offer additional testimony regarding appellee’s need for support as well as his own ability to pay. Among other things appellant requested permission to offer proofs showing a change in his own income status subsequent to the original final decree which had been reversed. He also desired permission to prove that appellee’s income status had improved since the decree of August 4, 1954. The Chancellor denied the motion. Entirely on the basis of the earlier record, without further proofs, he entered an *880 amendment to the original final decree by which amendment he awarded to the ap-pellee certain amounts of alimony to be paid beginning February 1, 1957. The judge appeared to have the view that the amendment to the decree should be entered solely on the basis of the original record with the right to appellant to show any changes subsequent to the date of the corrected decree which was January 17, 1957. Reversal of this decree is now sought.
It is the contention of the appellant that it was error to enter the final decree without giving him an opportunity to show a change in conditions between the date of the reversed decree and the date of the subsequent hearing.
It was the position of the appellee that she had established her right to separate maintenance and that the Chancellor was justified in entering the decree under attack on the basis of the record which had previously been made.
By our opinion on the prior appeal we set aside the final decree for the reason that the Chancellor had erroneously awarded lump sum alimony in a separate maintenance proceeding. It was specifically held that appellee had established her entitlement to separate maintenance. We also held that any award for separate maintenance should take into consideration the needs of the wife, the husband’s ability to pay, as well as the station in life occupied by the parties. We think this should be done as of the time the award is made. The effect of our prior opinion in this instance was to restore the cause to the status which it occupied as of the time the original decree was entered with the elimination of the objectionable aspect of the decree. The objectionable provision was the award of separate maintenance in lump sum. In view of the nature of the case it appears to us that in order to do complete justice in the premises it would be necessary for the Chancellor to be informed by appropriate evidence of the financial status of the parties as of the time that he entered the corrective amendment to the final decree.
We think this is not a situation where one of the parties undertakes to amend his original pleadings in order to obtain relief contrary to the mandate of this court entered prior to the attempted amendment. This was the situation apparent in Goode v. Goode, Fla.1955, 80 So.2d 904, which is relied upon by the appellee.
In Davis v. Battle, 140 Fla. 778, 192 So. 607, we held under the circumstances there obtaining that when a decree was reversed and remanded for further proceedings it was not error for the Chancellor to permit one of the parties to submit further testimony before entering a decree pursuant to the mandate. See, also, 2 Fla.Jur. “Appeals” Sec. 399, p. 650.
We think the instant situation is somewhat similar to Stossel v. Gulf Life Ins. Co. of Jacksonville, 123 Fla. 227, 166 So. 821. In that case on the original appeal we held that a Chancellor committed error in dismissing a bill of complaint brought by an insured seeking specific performance of the disability provisions of a life insurance policy. The cause was remanded for further proceedings consistent with the opinion. Upon remand an effort was made by the insurance company to submit further evidence of the disability status of the insured subsequent to the decree which had been reversed. We held in the opinion last cited that it was error for the Chancellor to refuse to consider the additional proofs. We stated that it was the right of either party by prompt action to submit any further evidence that might be material to the issues in the light of the prior opinion. The chances are that this decision was not brought to the attention of the Chancellor here because neither party refers to it in the briefs filed in this court.
We think the same rule should apply to a situation such as the case before us. In other words if the financial condition of the appellant had changed for the worse or the *881 financial condition of the appellee had changed for the better, it seems to us that evidence of these changes was appropriate for the consideration of the Chancellor before the entry of the corrective amendment to the final decree. We have the view that the appellant is not entitled to assault the evidence or the reasonable conclusions to be drawn from the evidence submitted by the appellee prior to the entry of the first decree. He cannot go back of that decree. We merely hold he should, be permitted to show by competent evidence any material changes in the financial status of the parties subsequent to the date of that decree. The appellee should, of course, have the same privilege. The Chancellor may then consider all of the evidence and enter a decree accordingly.
We might add in fairness to the Chancellor that we can well understand that the conduct of this appellant would be most demanding on the patience of any trial judge. We think, however, that the appellant is within his rights in seeking the opportunity which he has requested.
It might further be added that the Chancellor has full authority to protect the processes of his court and bring this annoying litigation to an early terminal point by fixing a reasonable time limit within which additional evidence, if any, might be offered.
We have not overlooked the fact that this appellant is apparently in default in complying with certain orders of the Chancellor directing the payment of alimony and attorneys’ fees pendente lite. Nothing-in this opinion shall be construed as impinging on the continued effectiveness of those orders or the Chancellor’s power to enforce them.
For the reasons pointed out above, the decree under assault is—
Reversed.
TERRELL, C. J., THOMAS and O’CONNELL, JJ., and STURGIS, District Judge, concur.