118 So.2d 204 (1960)
Joe SMITH, Appellant,
v.
Julla Mae SMITH, Appellee.
Supreme Court of Florida.
February 26, 1960.
Holland & McDowell, Winter Haven, and Edward C. Flood, Bartow, for appellant.
Charles F. Chastain, Lakeland, for appellee.
THORNAL, Justice.
By interlocutory appeal Joe Smith, who was defendant below, seeks reversal of an order of the Chancellor setting the matter for the taking of testimony.
*205 We are called upon to determine whether the order under assault complies with our mandate entered in the prior appeal. Smith v. Smith, Fla. 1959, 108 So.2d 761.
We have jurisdiction because the instant matter involves the enforcement of our own mandate previously entered in the same cause. Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896.
We have previously held that the allowance of any available additional testimony would be appropriate to establish the existence of a constructive trust in favor of appellee Julia Mae Smith. In reversing the final decree we remanded "the cause for further proceedings consistent with this opinion so that the appellee may, if she is able to do so tender any further evidence in support of her contentions that a constructive trust should be decreed."
Our mandate was entered February 20, 1959. On July 29, 1959, Julia Mae gave notice that further testimony would be offered before the Chancellor on August 10. On August 4, Joe, through his attorney, filed a motion for a judgment on the pleadings. On August 20, 1959, the Chancellor entered an order denying Joe's motion for a judgment on the pleadings. By the same order the judge set the cause for the taking of testimony before him at a later date. It is this order which Joe now asks us to set aside.
The appellant contends that under Rule 3.13, Florida Rules of Civil Procedure, 31 F.S.A., the time for taking testimony expired 60 days after the filing of our mandate. On this premise he argues that he was entitled to a judgment on the pleadings since no additional testimony had been offered within the 60-day period.
Appellee Julia Mae Smith contends that the cause was pending before the Chancellor, that our mandate authorized him to hear further testimony and that his order, therefore, merely followed the mandate.
When a final decree in a chancery cause is reversed without specific directions to enter a particular decree or order, the effect of the reversal is to remand the cause to the lower court for the entry of a further decree consistent with the ruling of this Court. This is even more clearly the rule when, as in the instant case, our judgment reverses the final decree and specifically remands the cause "for further proceedings consistent with" our opinion. In either event, the trial judge, upon the filing of our mandate, has the authority to take such further proceedings in the cause as may be appropriate in order to arrive at another decree which will accord with the mandate of this Court. Davis v. Battle, 140 Fla. 778, 192 So. 607; Simpson v. Warren, 106 Fla. 688, 143 So. 602, 144 So. 324; Bredin v. Bredin, Fla. 1958, 103 So.2d 879.
Appellant points to the provisions of Rule 3.13, Florida Rules of Civil Procedure, which fixes the time for taking testimony in chancery causes. We are referred particularly to that portion of the cited rule which reads as follows:
"In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any cause, unless the case has been set for trial before the court."
Appellant insists that when our mandate was filed on February 20, 1959, the time for taking additional testimony started to run and under the cited rule the allowable time expired 60 days from that date.
Appellee takes the position that our mandate had the effect of referring the matter back to the Court without limitation as to time. In addition she asserts that the Chancellor had the authority to enlarge the time under Rule 1.6(b), Florida Rules of Civil Procedure, 30 F.S.A.
We can dispose of the instant problem without becoming involved in any complicated analysis of the various rules.
*206 In Stossel v. Gulf Life Ins. Co., 123 Fla. 227, 166 So. 821, we held that when we reversed and remanded a cause for further consideration by a lower court such cause is returned to the trial court in the same status as if the order or decree which is reversed had never been made. By our judgment the instant case was restored to the docket by the Chancellor in the same status as if no final decree had been entered.
Referring to Rule 3.13, supra, it will be noted that the time limitation upon the taking of testimony applies "unless the case has been set for trial before the court." Although it is not clearly apparent from our prior opinion that the testimony was heard by the Chancellor personally, a reference to the original record reveals that the original final decree was entered on the basis of testimony personally heard by the Chancellor. It was not necessary to detail this fact previously. In consequence of this situation, when we remanded the cause to the trial court it was then in the status of being before the Chancellor himself. In other words, since upon remand the cause was pending for the submission of any available additional testimony before the Chancellor, the time limitation prescribed by Rule 3.13, supra, could not in any event come into play. It is unnecessary to pass on the other contentions of the parties because it is perfectly clear that when the Chancellor set the matter for the further taking of testimony pursuant to our mandate he acted in complete accord with the provisions of Rule 3.13, supra.
Finding as we do that there is no error in the order under attack it must be affirmed.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.