163 So.2d 264 (1964)
Bert NASTER, Petitioner,
v.
Lee NASTER, Respondent.
No. 32666.
Supreme Court of Florida.
April 8, 1964.
Rehearing Denied May 13, 1964.
*265 Joseph Pardo, Miami, for petitioner.
Ralph R. Quillian, Hollywood, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we have for review a decision of the District Court of Appeal, Second District, allegedly in conflict with prior decisions of this Court.
The alleged point of cleavage involves a consideration of the extent of a husband's burden when defending against an alimony contempt citation on the ground of financial inability to pay.
The decision submitted for review is Naster v. Naster, Fla.App., 151 So.2d 313. Our preliminary examination of the petition suggested prima facie jurisdictional conflict between the subject decision and those which we hereafter discuss. After oral argument and a more detailed study of the petition, record and briefs, we have concluded that the apparent jurisdictional conflict does not exist.
The petitioner Bert Naster appealed to the District Court seeking relief against an amended contempt order entered by a chancellor. The problem presented to us is suggested by the following summary of the situation which we quote from the decision of the District Court:
"The findings embodied in the order indicate that defendant was unable to comply with the requirements of a final decree of alimony unconnected with divorce, that no showing was made as to defendant's income, but there was evidence of his mode of living, that the defendant was in arrears in alimony payments in the amount of $7,600, and the defendant was capable of paying the sum of $1,000 and of making weekly payments of $50 in satisfaction of the arrearage. The order decreed that the defendant, therefore, make the $1,000 payment within a given time and make $50 weekly payments or suffer the penalty of a prior contempt order, i.e., 60 days imprisonment."
The petitioner contends here that by its decision the District Court disregarded prior decisions of this Court regarding a husband's lack of financial ability as a defense to a contempt citation based upon his failure to comply with an alimony decree. Initially we leaned to the view that the instant decision collided with prior decisions of this Court on the subject. Our subsequent study of the cases, however, leads us to conclude that the alleged conflict was more apparent than real. Because of the importance of the problem, and our *266 own concern that some confusion might otherwise exist, we have elected to state our reasons for the conclusion which we reach.
The petitioner insists that inability to pay is an absolute defense to a contempt citation for failure to comply with an alimony decree. He refers to the language of the District Court opinion which we have quoted. He then asserts that the chancellor found him unable to comply with the final decree but, nonetheless, found him guilty of contempt for failure to do so.
Reference to the quoted language from the District Court opinion does not support this contention. It is there revealed that the chancellor's findings did indicate that the petitioner was unable to meet the alimony payments of the final decree which had become delinquent. However, the chancellor further found that although the petitioner could not make up the total delinquencies in one payment, he was capable of paying the accumulated delinquencies in installments. Having found ability to pay in installments, the chancellor ordered such payment and stipulated that a failure to meet these requirements would result in the contempt penalty. The decision of the District Court approving this holding is not inconsistent with our prior decisions.
We have long held that an alimony award should be based upon the need of the wife and the financial ability of the husband to supply this need. Phelan v. Phelan, 12 Fla. 449; Jacobs v. Jacobs, Fla., 50 So.2d 169; Kahn v. Kahn, Fla., 78 So.2d 367. While inability to pay is a valid defense at the time the final decree is entered, it will not necessarily stand as a defense against recovery of an accumulation of delinquent payments under a decree which has become final. Orr, for Use and Benefit of Walton v. Orr, 141 Fla. 112, 192 So. 466. After an award of alimony becomes final the chancellor has the power to enforce it in a contempt proceeding. The issue then presents the question whether the husband has willfully failed to comply. The requirement of a willful default implies that the husband has the capacity and financial ability to pay and that he has willfully and intentionally disregarded his obligation. At this point, the chancellor is endowed with a sound judicial discretion to determine whether the circumstances reveal a willful failure. Abuse of the discretion is subject to review. English v. English, Fla.App., 117 So.2d 559. In a contempt proceeding when the failure to pay has been established the husband has the burden of proving that his failure has not been willful. In exercising his judicial discretion in the contempt proceeding the chancellor may take into consideration the husband's inability to pay, together with other elements such as his failure to apply to the Court for relief when the inability arises, as well as the fact that the husband has intentionally brought about his financial incapacity. Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869; Satterfield v. Satterfield, Fla., 39 So.2d 72.
In the instant case the original alimony award had become final and the husband had permitted substantial delinquencies to accumulate. Apparently, at the contempt hearing the chancellor initially adjudicated him guilty of contempt. However, by the amended order the chancellor obviously found that the husband was unable to meet the accumulated obligation in its entirety. Nevertheless, he found that the husband did have the ability to pay the total delinquency on an installment basis. It was the failure to pay the installments, which the chancellor concluded he was able to pay, that resulted in the alternative 60-day contempt sentence. The chancellor, as revealed by the decision of the District Court, took notice of the husband's inability to pay the full delinquency in lump sum but found that he could pay it in installments and ordered him to do so or else suffer the pain of the contempt order. There is no indication that the chancellor abused his discretion.
*267 When subjected to this analysis the decision of the District Court does not collide with our prior decisions. Hence, no jurisdictional conflict arises.
The writ is discharged.
It is so ordered.
THOMAS, Acting C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.