WALDEN, Chief Judge.
In a post decretal proceeding a divorced wife sought to enforce by contempt the terms of a property settlement agreement which had been incorporated in the final decree of divorce. The trial court denied the wife’s motion for rule to show cause. She appeals. We affirm.
The husband had agreed to maintain certain medical insurance coverage for the wife. After divorce the coverage for the wife was cancelled by the insurance company because of the change in her marital status. Neither of the parties, as they were privileged to do, made timely application to convert the policy to cover the wife in her new single status. There *722 after the wife suffered severe back complaints and underwent hospitalization and surgery. She incurred considerable medical expense and became uninsurable as concerns her back condition.
With this background the trial court addressed itself to the terms of the settlement agreement and construed it to the end that the husband was not responsible and declined to issue the Rule To Show Cause. Without discussing the validity of the reasoning employed, we feel that the result reached by the trial court was correct.
The basic support for the order refusing to initiate contempt proceedings against the husband is found in the record to the effect that the husband was incapable of complying with the decree.[1] The company cancelled the wife’s coverage existing at the time of the divorce and this was outside the power of the husband to prevent. At the time of the hearing it was impossible for him to obtain similar or equal coverage because of the uninsurability of the wife.
We note that there is pending in the trial court the wife’s petition to modify final decree and for supplemental relief. It is based upon material changes and circumstances such as the mentioned cancellation of the insurance policy, the wife’s illness and increased needs, and other matters. The adjudication of it may necessarily involve new and different criteria and considerations. Thus this opinion shall be without prejudice to that pending petition and we indicate no views as to its merits and handling. In order, however, to completely pave the way for an unfettered consideration of the wife’s pending petition we strike and expunge from the order appealed the language which the parties concede to be obiter dictum:
“ * * * In the absence of an agreement to the contrary, a divorce terminates a husband’s legal obligation for his wife’s medical necessities.”
See Clutter v. Clutter, Fla.App.1965, 171 So.2d 544 and Fisher v. Fisher, Fla.App.1967, 202 So.2d 868.
Finally, it appears that the wife’s prayer for an award of attorney fees was not considered, probably by reason of oversight. Upon remand it is requested that this issue be determined as provided by law.
The order appealed is
Affirmed.
CROSS and REED, JJ., concur.

. In re S.L.T., Fla.App.1965, 180 So. 2d 374; Yandell v. Yandell, 1948, 160 Fla. 164, 33 So.2d 869; State ex rel. Tre-zevant v. McLeod, 1936, 126 Ma. 229, 170 So. 735.