SMITH, Judge.
Hilgendorf appeals from a final judgment entered upon Denson’s claim for an accounting of the profits earned by Hil-gendorf using assets of the former partnership of the parties known as Gateway Realty. The trial court entered a money judgment awarding Denson one-half the profits earned by Hilgendorf from February 1973 to January 3, 1974, in Hilgen-dorf’s businesses organized and conducted as Gateway Realty of Gainesville, Inc. and Betty G. Hilgendorf Realtors, a proprietorship. The period for which the accounting was ordered was fixed by a finding made in an interlocutory order entitled “final judgment” entered September 27, 1974, that the partnership was terminated on January 3, 1974, by Hilgendorf notifying Denson of the termination.
The trial court erred in its critical finding that:
“In the fall of 1973, Defendant testified that she mentioned her desire to terminate the partnership to the Plaintiff and her desire to make the business a ‘family business’ with her husband as her partner to the exclusion of Plaintiff. Nothing further was said to the Plaintiff until January of 1974.
“Subsequent to the first conversation and before January, Defendant formed a *37 corporation entitled ‘Gateway Realty of Gainesville, Inc.’ and on or around January 3, 1974, notified Plaintiff that she, Defendant, was terminating their partnership agreement.”
The evidence shows clearly that Hilgen-dorf advised Denson in January 1973, not January 3, 1974, of her purpose to dissolve the partnership and that the partnership was effectively dissolved no later than February 2, 1973, when at Hilgendorf’s request Denson left the offices which the partnership rented from Hilgendorf and her husband. Hilgendorf formed Gateway Realty of Gainesville, Inc. shortly before the dissolution of the partnership and that corporation briefly engaged in business until Denson filed this action on March 19, 1973, complaining of Hilgendorf’s use of a name derived from that of the dissolved partnership. Thereafter Hilgendorf did business as Betty Hilgendorf Realtors.
Denson seeks in this Court to sustain her participation in Hilgendorf’s profits for the eleven months ending January 3, 1974, on the ground that, under all the circumstances, that is an appropriate period for an accounting by Hilgendorf of postdissolution profits earned with partnership assets. See Annot., 55 A.L.R.2d 1391, 1424 (1957). While the interlocutory “final judgment” contains certain findings which are consistent with the theory of recovery now advanced in this Court, the relief granted by the trial court was squarely predicated on an erroneous determination that the partnership was not dissolved until January 3, 1974. We will not speculate that the trial court would have granted Denson the same relief on grounds that Hilgendorf used partnership assets to produce profits through January 3, 1974, and it would be premature for us to determine now the sufficiency of the evidence to support an identical award to Denson on those grounds.
The final judgment from which appeal is taken and the interlocutory “final judgment” entered September 27, 1974, are vacated. The case is remanded to the trial court for further proceedings consistent with our decision. Smith v. Smith, 118 So.2d 204 (Fla.1960); Davis v. Battle, 140 Fla. 778, 192 So. 607 (1940).
Reversed and remanded.
BOYER, C. J., and MILLS, J., concur.