WALDEN, Chief Judge.
Respondent husband appeals an order holding him in contempt for non-payment of alimony. ' The trial court made no specific finding that the husband was able to pay the amounts, but did find respondent to be in wilful default. In Ratner v. Ratner, 297 So.2d 344 (3d DCA Fla.1974), the court held:
“It is well established that a contempt order for refusing to obey an order of the court must be based on an affimative finding that it is within the power of the defendant to obey the order and' such finding must be made to appear on the face of the order of commitment, else it is void.”
We feel this statement is unsupported insofar as it would require a petitioner to furnish proof the respondent is able to pay.
If a respondent has reason to avoid the charge of contempt, the burden is upon that person to present such evidence of inability, upon which evidence the court will then rule. The decision in Ratner was based upon State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936):
“Under the most respectable authority on contempt that we have been able to find, *846 a 'process’ contempt commitment for refusing to obey an order of court must be based on an affirmative finding that it is within the power of the defendant to obey the order, and such finding must be made to appear on the face of the order of commitment, else it is void. Ex parte Cohen, 6 Cal. 318; Repalje on Contempt par. 129.” Id. at 230-231, 170 So. at 735.
but the Trezevant court continued:
“[T]he order here [based on a refusal to abide by an order requiring alimony payments] is not an order of that nature,” [being a contempt which required a definite sentence].
The statement in Trezevant was dicta, as the decision turned upon the illegality of entering an indefinite sentence for the contempt; the’requirements of contempt order findings in alimony default cases was more definitively explained in a later Supreme Court case, Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869 (1948):
“Upon a rule to show [c]ause for the non-payment of alimony, the burden of proof and of proceeding rests upon the one who is in default after it has been established that the payments had not been made in conformity with the previous award.
“Upon the evidence on the hearing before the Chancellor it was established that the petitioner was making $135.00 per month and that he had sold his automobiles and applied the proceeds to the payment of liens upon them and paid the rest to the wife. It appears from the record that there had been previous hearings concerning the non-payment of the alimony and that the proceedings before the chancellor involving contempt were more in the nature of an inquisition, prosecution by the wife, as to the ability of the husband to pay, which inquisition failed to reveal that the inability of the alleged contender to obey the court’s decree was voluntarily brought upon himself, or due to his own fault, and it likewise failed to reveal that the alleged contemner was able to perform the decree of the court.” (Emphasis supplied.) Id. at 166, 33 So.2d at 870.
The contempt order was reversed. Yandell stands for the proposition that, if the respondent presents evidence of inability, then the petitioner must successfully rebut by presenting evidence of ability. That no such evidence of ability was entered in the case at hand is not error, as the respondent, who was not present but who was represented by counsel, presented no factual evidence of inability. The court then found the default was wilful.
We hold that, if a petitioner alleges non-payment of alimony, and that non-payment is proven, there is a prima facie case of contempt. If respondent does not avoid the charge, the trial court is justified in entering an order of wilful contempt. In English v. English, 117 So.2d 559 (3d DCA Fla.1960), the court clearly bridged the problem of the burden of proof and the need to show wilful default:
“. . . [P]roof of unpaid arrears of alimony will not entitle an applicant, as a matter of right, to an order of commitment of a person for contempt, as such an application is addressed to the discretion of the court. A respondent to a rule to show cause will be adjudged in contempt when the court determines that the arrearage in alimony is the result of a wilful failure to comply with the order for its payment. Orr, for Use and Benefit of Walton v. Orr, 141 Fla. 112, 192 So. 466, 467. A willful default implies that there was capacity and financial ability to pay. Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869; 6 Fla.Jur., Contempt § 53.” (Emphasis supplied.) Id. at 561.
A finding of wilful default implies capacity to pay, and in Naster v. Naster, 163 So. 2d 264 (Fla.1964), the Supreme Court held:
“After an award of alimony becomes final the chancellor has the power to en *847 force it in a contempt proceeding. The isstie then presents the question whether the husband, has willfully failed to comply. The requirement of a wilful- default implies that the husband has the capacity and financial ability to pay and that he has willfully and intentionally disregarded his obligation . . . In a contempt proceeding when the failure to pay has been established the husband has the. burden of proving that his faihire has not been willful. In exercising his judicial discretion in the contempt proceeding the chancellor may take into consideration the husband’s inability to pay . .” (Emphasis supplied.)’ Id. at 266.
There are numerous authorities that hold a respondent must carry a burden of proving inability to comply with a court order on alimony. 17 Am.Jur.2d Contempt § 61 (1964):
“A person who seeks to satisfy the court that his failure to obey an order or decree was due entirely to his inability to render obedience, without fault on his part, must prove such inability. In other words, the burden of proving inability to comply with the order allegedly violated is on the alleged contemnor.”
6 Fla.Jur., Contempt § S3 (1956):
“§ 53. In General; Inability To Comply With Judgment.
“Where the basis of an accusation of contempt is the disobedience of an order, it is essential to the court’s right to punish that the accused have ability to comply with the order, and his inability, when not due to fault on his part, is generally regarded as a good defense. Hence, an order of commitment for contempt for violation of an order is void if it is not shown that it was within the power of the alleged contemner to obey the order [that is to say if the alleged contemner has given evidence of inability]. But the burden of proving that the failure to obey the order or decree was due entirely to the inability to obey, is on the alleged contemner.” (Emphasis added.)
Annot. 53 ALR2d 591, Pleading and Burden of Proof in Contempt Proceedings, As to Ability to Comply with Order for payment of alimony or child support (1957) :
“[A] majority of jurisdictions expressly hold or recognize that in contempt proceedings based upon failure to comply with a court order requiring the payment of alimony or child support, the burden rests upon the alleged contemnor to prove his inability to comply with the order.

“. . . Although some courts have given no reason for their holding that the burden rests upon the alleged contem-nor to prove his inability to comply with an alimony or child support order, many of them have expressly based the rule upon the theory that when the movant proves entry of the order and default in payment, a prima facie case of contempt is thereby made.” ’
See State ex rel. McKee v. McKee, 237 Or. 583, 392 P.2d 645 (1964); Rossen v. Rossen, 2 Ohio App.2d 381, 208 N.E.2d 764 (1964).
In essence, the original judgment of dissolution, based on evidence offered by the parties, adjudicated the question as to their respective needs and ability. Petitioner here does not have to re-prove respondent’s ability to pay, any more than she would have to re-prove her need. In finding the respondent guilty of wilful contempt, the trial court has viewed the evidence and implicitly recognized respondent’s ability to pay as reflected by the order of dissolution and unaffected by any evidence offered by respondent.
Affirmed.
CROSS and DOWNEY, JJ., concur.