334 So.2d 834 (1976)
Carlos DE CASTRO, Appellant,
v.
Maria DE CASTRO, Appellee.
Nos. 75-1028, 75-1834.
District Court of Appeal of Florida, Third District.
May 20, 1976.
*835 Schweitzer & Kosdan, Miami, for appellant.
Brian Hersh, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Carlos De Castro was the petitioner for a dissolution of marriage. He appeals the judgment of dissolution and assigns error to the allowance of alimony and costs to his former wife. The unusual fact in this case is that the wife shot and wounded the husband after the institution of the action but before final judgment. Carlos urges that under these circumstances, he ought not be required to pay alimony.
After final judgment, the court entered a money judgment against Carlos for unpaid temporary alimony. A second appeal from that order has been consolidated with the first appeal.
Carlos and Maria were married in 1947. They have two grown daughters who are not dependent. Carlos earns $9,600 a year as an airline reservations manager. Maria is 51 years of age and without financial means. Although she was obviously mentally distraught, she has not been declared incompetent.
The husband's first point claims that the award of permanent alimony should be reversed because (a) there was no evidence of the wife's financial need, and (b) the wife came into court with unclean hands. An award of permanent alimony is properly based upon the wife's needs and the husband's ability to provide for those needs. See Naster v. Naster, Fla. 1964, 163 So.2d 264.
In the instant case, it is clear that the wife is not well, that she has no earning capacity; she is on welfare and has been a housewife and mother for 26 years. The husband is permanently employed and has the ability to contribute to her support. The award of $50 a week is within the trial judge's discretion. See Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456.
Appellant's second and third points claim error in the allowance of costs and the admission into evidence of psychiatric reports of the wife's condition. Neither point presents reversible error.
The husband argues that he ought not have to pay the accrued temporary alimony and that the court ought not have allowed the collection of past due alimony pursuant to Fla. Stat. § 61.12. The only law cited for appellant's position is Noyes v. Cooper, Fla.App. 1968, 216 So.2d 799. In that case, the judgment was not for alimony but for sums due on a property settlement. The cited section is clearly applicable to the situation now before us.
We have considered other arguments advanced and find no reversible error.
Affirmed.