SHARP, Judge.
The former husband, Francis T. Connor, appeals a final judgment in a dissolution case awarding the former wife, June V. Connor, his interest in the marital home “in recognition of her special equity in the property.” We reverse this judgment because the award was foreclosed by a prior appeal in this case,[1] and because there is no basis in the record to support a finding of a special equity for the wife in the marital home.
The petition for dissolution was filed on July 14, 1977. The record showed that the parties married in 1952 and three children were born. The wife has worked full-time as a teacher since 1956. The husband worked for the Orlando Utilities Commission until 1972 when he became totally disabled by a mental illness. The wife expended substantial sums for his medical bills and care. Because of the former husband’s condition, the wife has been receiving social security payments for the minor children. The wife added a room to the marital home in 1973. She borrowed the funds to make the addition, and repaid all but $1,900.00. Her earnings were the source of repayment.
In the initial proceeding, the lower court denied the husband’s claim for periodic alimony; found the wife had established an $8,000.00 special equity in the marital home; and awarded the marital home to her as lump-sum alimony and “in recognition of her special equity in the property.” This judgment was appealed to the Fourth District Court of Appeal. The appellate court held that the lower court erred in not awarding the former husband permanent alimony, and in awarding the wife the husband’s half of the marital domicile:
We find that the award of the husband’s interest in the marital domicile was improper under Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976).
372 So.2d at 131.
The lower court’s award of the marital domicile to the wife combined the concept of “lump-sum” alimony and special equity. It declared:
*597 The wife is hereby awarded the sole ownership of the marital home located at 985 Burns Street, Orlando, Florida, as lump-sum alimony, and further in recognition of her special equity in the property.
The appellate court’s reversal of the lump-sum alimony award necessarily also reversed the special equity award, even though it did not expressly deal with the concept of special equity. Were this not so, the appellate court would have affirmed, not reversed, that part of the judgment. That decision is the “law of the case”, and we are not now free to reconsider the merits of the lump-sum alimony question or the special equity question.[2]
Even if we were able to review the propriety of the lower court’s award to the wife of the marital home in recognition of her “special equity” therein, the result in this case would be the same. A spouse who contributes funds earned during the marriage to tenancy by the entirety property ordinarily does not acquire a special equity interest in the property because of the contribution. Ball v. Ball, 335 So.2d 5 (Fla. 1976); Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979). It makes no difference whether the working spouse is the wife or the husband.[3] In this case the husband was not performing household chores and rearing the children, but he had contributed his earnings towards the home and support of the family until 1971 when he became ill, and because of his prior earnings, the wife received social security payments for the children. A marriage vow is taken “for better or for worse,” and “in sickness and in health.” As the popular song goes “I never promised you a rose garden.” The illness and misfortune of a spouse should not create a special equity for the healthy spouse in jointly-owned property.
We reverse and remand this matter. However, the lower court shall not be foreclosed from revisiting the amount of periodic alimony awarded to the husband in view of this decision;[4] considering the appropriateness of awarding the wife sole occupancy of the house at least until the minor children attain their majority;[5] entering appropriate orders concerning duties of the parties to pay their share of any loan or mortgage payment, insurance, or other similar expenses on the marital home; and allowing the wife credit on sale for any payments she made after separation of the parties, or ones she may make, in excess of her one-half share.[6]
REVERSED and REMANDED.
ORFINGER, J., and BAKER, JOSEPH P., Associate Judge, concur.

. Connor v. Connor, 372 So.2d 130 (Fla. 4th DCA 1979).

. Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976); Dade County Classroom Teachers’ Assoc. v. Rubin, 238 So.2d 284 (Fla. 1970), cert. denied 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 623 (1971).

. There shall be no distinction between married women and married men in the holding, control, disposition or encumbering of their property, both real and personal. Fla.Const. Art. X § 5.

. Bredin v. Bredin, 103 So.2d 879 (Fla. 1958); Smith v. Smith, 118 So.2d 204 (Fla. 1960).

. McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976), cert. denied 345 So.2d 424 (Fla. 1977); Judge v. Judge, 370 So.2d 833 (Fla. 2d DCA 1979); Evans v. Evans, 337 So.2d 998 (Fla. 4th DCA 1976).

. Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979); Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979); Buckley v. Buckley, 336 So.2d 708 (Fla. 4th DCA 1976).