870 So.2d 920 (2004)
Myles T. SAVERY, Appellant,
v.
Patricia C. SAVERY, Appellee.
No. 4D03-1144.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
*921 John F. Schutz and Carina M. Leeson of Manoff & Schutz, P.A., West Palm Beach, for appellant.
George E. Gelb of Kramer, Ali, Fleck Hughes, Gelb & Bornstein, Jupiter, for appellee.
KLEIN, J.
The Saverys' marriage was dissolved in 1994, but this court reversed the award of child support and remanded for the trial court to make specific findings and follow the guidelines. Savery v. Savery, 670 So.2d 1034 (Fla. 4th DCA 1996). This appeal arises from appellant having been recently held in contempt for failure to pay child support, and found to owe an arrearage. He contends that we must reverse because, after our reversing in 1996 there was no order requiring him to pay child support in effect. We agree.
After the wife obtained a reversal of the child support award in 1996, the husband continued to voluntarily pay the child support required under the original judgment, but reduced it when one of the children reached majority. It was not until 2001 that either party sought to establish a support order pursuant to the reversal in 1996.
When a judgment is entirely reversed it is as if the judgment had never been entered. Smith v. Smith, 118 So.2d 204 (Fla.1960). Applying that principle to the partial reversal as to child support in this case, it follows that there was no court order requiring payment of child support in effect. The husband could not accordingly be found in contempt nor liable for an arrearage, because there was no obligation to pay. The order awarding attorney's fees must also be reversed because it contains no findings of fact. Zucker v. Zucker, 774 So.2d 890 (Fla. 4th DCA 2001).
Reversed.
WARNER, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree with the result reached by the majority, but write separately out of concern that the majority's reference to Smith v. Smith, 118 So.2d 204 (Fla.1960), may be misinterpreted. Smith was not a dissolution case. Moreover, it predated the change to "no-fault divorce" by some twelve years. Since no-fault became the law, it has rarely if ever occurred that a reversal would be based on error in finding a marriage irretrievably broken, and thereby dissolving it. Most cases, like the one before us, involve economic issues, child custody issues, or both. Soon after no-fault became the law, appellate courts were inclined to provide that a reversal in a dissolution case was "except as to the part of the final judgment dissolving the marriage." Chereskin v. Chereskin, 665 So.2d 1133, 1133 (Fla. 5th DCA 1996). More recently, appellate decisions have abandoned using this language.
The point of law cited in the majority's reference to Smith is an accurate statement. *922 The supreme court was reversing an order in equitya dispute over a claimed interest in real propertyentered by the "chancellor." In so doing, the court states that the parties were restored to their prior positions as if the appealed order had never been entered.
It is not our opinion today, but rather the 1996 opinion in Savery I, which reversed the final judgment of dissolution of marriage. Hopefully, the parties before us, by virtue of having never obtained a corrected final judgment following remand, will not take our opinion to suggest that they are still married to each other.[1] Moreover, most practitioners today, having lived and practiced under no-fault for over thirty-one years, understand that a reversal of a final judgment in dissolution of marriage proceedings does not reverse the dissolution itself unless the opinion expressly states so. I write simply out of an abundance of caution that the majority's language in this regard not be misinterpreted in other cases. Other than that, I concur.
NOTES
[1] Actually, the language in Savery I made this clear: "We affirm the final judgment of dissolution except for the award of child support which we reverse." 670 So.2d at 1035.