PER CURIAM.
Having considered the appellant’s response to this Court’s order, dated May 9, 2005, the appeal is hereby dismissed for lack of jurisdiction. The order on appeal is neither a final order nor a nonfinal order appealable pursuant to Florida Rule of Appellate Procedure 9.130. See Savery v. Savery, 870 So.2d 920 (Fla. 4th DCA 2004); Veiner v. Veiner, 459 So.2d 381 (Fla. 3d DCA 1984). Specifically, the order on appeal made findings of fact as required by this Court’s opinion in Kemmet v. Kemmet, 885 So.2d 408 (Fla. 1st DCA 2004), but failed to enter judgment on those findings. Where a portion of a dissolution of marriage judgment has been reversed, it is as if that part of the order had never been entered. Savery, 870 So.2d at 921. Therefore, the finding in the instant order that there is no “demonstrated need of the Wife for additional spousal support over and above that awarded in the Final Judgment” is insufficient to conclude the judicial labor in this ease.
The appellant’s motion for an extension of time to conduct a hearing and obtain a *1229 final appealable order, filed with her response on May 13, 2005 is denied. Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995).
DISMISSED.
BROWNING, POLSTON and HAWKES, JJ., concur.