HENDRY, Judge.
This is an original proceeding in habeas corpus seeking to effectuate the discharge of petitioner from custody of the Sheriff-respondent. Petitioner- alleges that he is being illegally detained under a sentence of the circuit court for contempt of court for failure to comply with an order of that court.
Petitioner was incarcerated by the respondent pursuant to the order of a circuit court which provided in pertinent part:
“It is, thereupon, ORDERED AND ADJUDGED
“(1) That WILLIAM R. WAL-LENS is guilty of contempt of court.
“(2) It is the sentence of this court that the said WILLIAM R. WAL-LENS serve a term of thirty (30) days in the Dade County Jail unless within ten (10) days from the date of this order he appears at the offices of Sibley, Grusmark, Giblin, King & Levenson, * * * for the purpose of giving testimony in aid of execution in this cause and produce all of the documents required by the aforementioned court order of February 21, 1963,
* * *_
“(3) * * * providing that counsel of record for plaintiff files an affidavit stating that defendant, WILLIAM R. WALLENS did not purge himself of contempt as permitted by paragraph (2) above, that is, by appearing withifr ten (10) days and submitting to deposition.”
It is petitioner’s contention, with which we concur, that the order above quoted was *688 defective in that it did not provide the petitioner with the “key of his prison.”
“Customarily when imprisonment is ordered for a civil contempt its continuance is made contingent upon compliance with the order of the court and when the contemnor has so complied he is released from prison. The sentence is usually therefore indefinite and not for a fixed term. It is for this reason that in civil contempt it has been said that the contemnor ‘ “carries the key of his prison in his own pocket.” ’ [Citation omitted.] He can end the sentence and discharge himself at any moment by doing what he previously refused to do.” Demetree v. State ex rel. Marsh, Fla.1956, 89 So.2d 498, 501.
The statement in the above quotation from the opinion in Demetree v. State ex rel. Marsh, supra, that a sentence for civil contempt is usually indefinite and not for a fixed term, need not be interpreted to mean that the sentence should not be for a stated time, but rather that it is indefinite in the sense that the period of confinement as it may be set out in such an order can be shortened or ended by purging the contempt. Thus, in Dykes v. Dykes, Fla.App. 1958, 104 So.2d 598, in which this court quoted from and followed Demetree v. State ex rel. Marsh, supra, we approved a civil contempt order which sentenced a divorce defendant husband to confinement for a stated period, for willful disobedience of child support orders, but held that such an order should show the act necessary to purge the contempt (amount of defaulted child support necessary to be paid, in that case) and that the order should provide the contemnor could gain his release prior to the time fixed by purging himself of the contempt.
The order under consideration did not provide that petitioner could end his sentence at any time prior to completion by performing the acts required. In this respect, the defect was fatal, and therefore, petitioner is illegally detained by virtue of an illegal order. However, it would serve no useful purpose to amend the 30 days confinement order in this case to provide that the contemnor could gain his release upon pui-ging himself. This is so because the evidence was to be produced in a proceeding for the enforcement of a summary judgment, which proceedings are no longer pending because the judgment subsequently was reversed. See Wallens v. Lichtenstein, Fla.App.1964, 159 So.2d 912. The contem-nor having announced willingness to purge himself but lacking a place in which to do so, it would appear the interests of justice require that he be treated as though he had earned his release by purging himself of the contempt.
Accordingly, the petition is granted and the judgment and sentence of contempt vacated.