PER CURIAM.
In a petition for a writ of habeas corpus filed in this court, it is alleged that petitioner is in the custody of the Sheriff of Dade County pursuant to the following order of the Circuit Court of Dade County, which provided, in pertinent part:
“3. The Plaintiff, SALVATORE C. PIPIA, be and he is hereby adjudged in contempt of this Court for his failure to comply with the aforesaid Order entered by this Court on September 11, 1961, and in further contempt of this Court, for his deliberate attempt to conceal and prevent a material witness from giving her testimony in this cause, as set forth above, and as punishment for same, he is hereby sentenced to serve 120 days in the County Jail of Dade County, Florida, and Thomas J. Kelly, as Sheriff of Dade County Florida, personally, or by one of his deputies, is hereby commanded to take into custody said Plaintiff, SALVATORE C. PIPIA, and commit him to the County Jail of Dade County, Florida, and there keep him imprisoned for a period of 120 days.”
By his petition for release, in this habeas corpus proceeding, petitioner contends and we agree that the order of contempt is fatally defective.
The court determined petitioner to be in contempt on two different grounds, one criminal and the other civil. We assume that the petitioner was being punished for both acts and not alternatively.
The order of criminal contempt was void in that it appears from the record that the petitioner was not given an opportunity to appear and be heard on the criminal charge of contempt. This is violative of petitioner’s rights pursuant to the due process clause of the state and federal constitutions.
*784 The order of civil contempt was defective, in that, it failed to provide the petitioner with the key to his prison. The order did not provide that petitioner could purge himself of his civil contempt at any time prior to the termination of his specific sentence by complying with the required judicial action. Wallens v. Buchanan, Fla. App.1964, 168 So.2d 687 (opinion filed October 27, 1964).
Accordingly, the petition is granted, the sentence vacated and the prisoner is discharged, forthwith.