PER CURIAM.
Appellant-defendants Dade County Classroom Teachers’ Association, Inc.; Patrick L. Tornillo, Jr.; Janet Dean and Donald R. Pierce (who were officers of the Association) appeal a series of final judgments dated April 24, 1969, and recorded on April 28, 1969 and a series of judgments and sentences dated April 29, 1969, and recorded on April 30, 1969. They challenge these judgments and sentences for indirect criminal contempt entered pursuant to jury verdicts in a retrial of those matters ordered by the Florida Supreme Court in Dade County Classroom Teachers’ Association, Inc. v. Rubin, Fla. 1968, 217 So.2d 293. See also: Dade County Classroom Teachers’ Association, Inc. v. Rubin, 1970, 238 So.2d 284, cert. den. (1971) 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 623; Dade County Classroom Teachers’ Association, Inc. v. Nathan, 413 F.2d 1005 (5th Cir. 1969). Many of the facts are recited in these cases and need not be repeated here.
Appellants for reversal contend that: (1) The contempt judgments were improperly entered because the teachers had resigned prior to the issuance of the injunction and were thus not “under contract” during the period of alleged disobedience to the court’s injunction. (2) The contempt judgments were improperly entered because the state failed to prove an essen *276 tial element of criminal contempt, i.e., there was no showing of wilfulness or intent to disobey the court’s order. (3) The sentences imposed were improper, illegal and in excess of the court’s discretionary power to sentence for indirect criminal contempt. (4) The court erred in its instructions by removing from the jury’s consideration the issues of whether the teachers were “under contract” and whether the teachers had the requisite intent to disobey the injunction. (5) The court erred in not granting a mistrial in connection with a presumptively erroneous instruction to the jury which was withdrawn midway through its deliberations.
We consider those points which have the least merit, and then turn to those arguments which require discussion. We find ample support in the record to justify the jury verdicts of guilty of contempt. Therefore appellants’ points one and two are without merit. We have also considered appellants’ points four and five concerning jury instructions. See as to point 5: Cohen v. Singapore Holding Corporation, Fla.App.1969, 228 So.2d 129. In the light of the record here, we express the view that these were at most harmless errors and do not warrant reversal.
Next appellants argue that where the trial judge, while the jury was deliberating at the second trial in April, 1969, indicated a willingness not to impose punitive sanctions if appellants made a public apology, this precluded the imposition of any sentence at all at that retrial. We find no merit in that argument. This was a gratuitous offer and it was not accepted by the appellants. The established rule is that a determination of the sentence to be imposed falls within the discretion to be exercised by the trial court. Dickinson v. State, Fla.App. 1965, 170 So.2d 594; Infante v. State, Fla.App. 1967, 197 So.2d 542.
However, we do find some merit in the appellants’ point attacking the validity of the imposition of stiffer penalties on retrial. The United States Supreme Court has stated:
“Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction [on constitutional or statutory grounds] must play no part in the sentence he receives after a new trial.

“In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.”
North Carolina v. Pearce (1969), 395 U.S. 711, 725-726, 89 S.Ct. 2072, 2080-2081, 23 L.Ed.2d 656. No such reasons or factual data appear in this record for the imposition of the more severe sentences.
Therefore, we find that each sentence was invalid only to the extent that it was in excess of the sentences originally imposed in the causes which were reversed in Dade County Classroom Teachers’ Association v. Rubin, Fla.1968, 217 So.2d 293. We remand the causes for imposition of appropriate sentences.
Affirmed in part and reversed in part and remanded with directions.