297 So.2d 344 (1974)
Michael RATNER, Appellant,
v.
Audrey RATNER, Appellee.
No. 73-1527.
District Court of Appeal of Florida, Third District.
July 9, 1974.
*345 Bruckner & Greene and Richard I. Manas, Miami, for appellant.
Manners & Amoon, Miami, and Harold Mendelow, Tallahassee, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Respondent-appellant seeks review of an order of contempt.
Appellant-respondent, Michael Ratner was granted a dissolution of marriage from his wife, Audrey Ratner, on April 13, 1972. The final judgment incorporated a property settlement which included a provision for payment by respondent of the wife's attorneys' fees in a reasonable amount assessed by the chancellor. Thereafter, the chancellor entered an order assessing the wife's attorneys' fees in the amount of $2,500. Subsequently, on October 29, 1973, petitioner-appellees, the attorneys of respondent's ex-wife, filed a motion for order of contempt on their own behalf wherein they sought payment of attorneys' fees. Respondent filed a response thereto and alleged therein that he was unable to pay at that time. After hearing argument of counsel for the respective parties, the court entered the following order:
"ORDERED as follows:
"1. That the Husband's Motion to Strike filed this date before this Court be and the same is hereby denied.
"2. That the said Michael Ratner is hereby found to be in willful contempt of the previous Orders of this Court and is hereby sentenced to serve thirty (30) days in the Dade County Jail; provided, however, that the sentence of said thirty (30) days is stayed and the said Michael Ratner may purge himself of this contempt conditioned upon the said Michael Ratner paying unto the law firm of Manners and Amoon, P.A., on or before 5:00 p.m., Thursday, December 6, 1973, the sum of Five Hundred Dollars ($500.00), and on or before the 6th day of each month thereafter an additional sum of Five Hundred Dollars ($500.00); said monies to be paid to the law firm of Manners and Amoon, P.A., until the total sum of Two Thousand Two Hundred Eighty Dollars ($2,280.00) has been paid to the said law firm as set forth in previous Order of this Court dated April 18, 1973."
Respondent-appellant appeals therefrom.
On appeal, respondent alleges that the court erred in finding appellant in contempt for failure to pay attorneys' fees without a specific finding of financial ability to pay. We find this point well taken.
It is well established that a contempt order for refusing to obey an order of the court must be based on an affirmative finding that it is within the power of *346 the defendant to obey the order and such finding must be made to appear on the face of the order of commitment, else it is void. State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936). No such finding of financial ability of the appellant to pay appears on the face of the order in the case sub judice and thus, it is void. The chancellor in the instant case should have taken testimony on the subject of the financial ability of the respondent to pay and then entered a specific finding that the respondent to the rule to show cause has the ability to pay but willfully refuses to comply with the court's order to pay the attorneys' fees.
Accordingly, the contempt order herein appealed is reversed. Reversed.