OWEN, Chief Judge.
Joseph Gazil petitions this court for writ of habeas corpus alleging that he is unlawfully held in custody of respondent under a contempt order of the Circuit Court of Palm Beach County, Florida. The petition does not set forth a prima facie case for issuance of the writ. We deny the writ and dismiss the pétiti'on.
In this domestic litigation petitioner was ordered in September, 1974, to pay a certain sum to his wife. Upon his failure to comply with the order, the wife filed her motion to have petitioner adjudged in contempt of court and noticed the same for hearing. Neither petitioner nor his attorney appeared at the hearing.
Thereafter, by order entered November 27, 1974, the court adjudged petitioner to be in contempt for his failure to abide by the prior orders of the court, expressly finding in the order that petitioner “ . . .is financially able to pay the costs previously taxed and ordered, that his failure to pay same or any portion thereof has been deliberate, wilful and intentional, that [petitioner] ’ has had sufficient time within which to pay said sums, a portion thereof or to propose an arrangement for their payment with Wife’s attorney . . . .”
The contempt order sentenced petitioner to a term of 30 days in the Palm Beach County jail but provided that he could purge himself of the contempt by either paying to the Wife or her attorney the sum ordered paid in the September, 1974 order or in the alternative, by posting and filing a supersedeas bond with the clerk of the court on or before December 5, 1974, the issue of capias being delayed until this latter date.
No appeal was taken from the November 27, 1974, order of contempt, nor did petitioner purge himself. On December 26, 1974, the Circuit Court issued its order of commitment but for some reason petitioner was not taken into custody by the respondent until February 26, 1975. He now seeks his release by means of petition for writ of habeas corpus on the grounds that the contempt order and the resulting commitment are void.
Simply stated, petitioner’s contention is that the contempt order is void because, while it contained a finding that petitioner had the financial ability to pay and had wilfully, deliberately and intentionally failed and refused to do so, the order shows that the court had no proper predicate for such finding. This contention is based upon the fact that the order shows that the court based its finding, a least in part, on argument of [Wife’s] counsel and petitioner’s failure to appear at the contempt hearing.
Petitioner cites as authority for his position the case of Ratner v. Ratner, Fla. App.1974, 297 So.2d 344. His reliance thereon is misplaced. The Ratner case stands for the proposition that a contempt order for refusing to obey a prior order of the court must be based on an affirmative finding that it is within the power of defendant to obey the order, and such finding must be made to appear on the face of the order of commitment. The contempt order in this case fully complies in that regard.
*576 It is dear that what petitioner is now seeking to do is to attack the correctness of that specific finding of ability to pay. This he should have done by timely appeal. He cannot now use habeas corpus as a substitute for appeal. See 15 Fla.Jur., Ha-beas Corpus, Section 20. "Since the Circuit Court of Palm Beach County had jurisdiction over petitioner, and the contempt order is valid on its face, the petition should be and hereby is denied. 15 Fla.Jur., Ha-beas Corpus, Sections 70 et seq.
Petition denied.
CROSS and MAGER, JJ., concur.