PER CURIAM.
Defendant-appellant seeks review of an order holding him in contempt of court and directing the sheriff to hold him in custody for 15 days.
The instant appeal arises out of a suit filed by the plaintiff, Lord and Lady Originals, Inc., against Stuff, Inc. and its chief executive officer, Robert L. Apfelbaum, appellant here.in.
On October 29, 1974, after a hearing on plaintiff’s petition, the trial judge issued an order to show cause why Stuff, Inc. and the appellant should not be held ' in contempt for failure to obey the various orders issued by the court. A hearing thereon was scheduled for November 4. On the following day, October 30, counsel for Stuff, Inc. and the appellant was permitted to withdraw. Thereafter, on November 1, newly retained counsel for Stuff, Inc. and the appellant filed a motion to dismiss the order to show cause and as grounds alleged, inter alia, an insufficient time to prepare a defense and the illness of the appellant who recently had been released from the hospital. The motion was denied. The trial judge then entered the contempt order against Stuff, Inc. and the appellant who seeks review thereof. We reverse.
In a contempt proceeding due process requires that the respondent be apprised of the nature of his contempt and be given an adequate opportunity to be heard and to prepare his defense. See State v. Buchanan, Fla.App.1964, 168 So.2d 783; Strauser v. Strauser, Fla.App.1974, 303 So.2d 663.
In the case before us, we conclude that appellant in effect has been denied due process in that counsel for appellant was permitted to withdraw the day after the trial judge issued his order to show cause, and newly retained counsel had inadequate time to prepare a defense on behalf of the appellant who was suffering from a heart ailment during this time. Cf. Reynolds v. Reynolds, Fla.App.1966, 187 So.2d 373. Furthermore, these circumstances were brought to the attention of the trial judge in defense counsel’s motion to dismiss.
The ends of justice being served best by affording the appellant a rehearing on the *130 petition for contempt with adequate notice being- given prior thereto, we hereby reverse the order of contempt and remand the cause for further hearing consistent herewith.
It is so ordered.