336 So.2d 1243 (1976)
George DAMKOHLER, Appellant,
v.
Heidi DAMKOHLER (Pollmann), Appellee.
No. 76-898.
District Court of Appeal of Florida, Fourth District.
September 10, 1976.
Timothy P. McCarthy of Levy, Plisco, Perry, Reiter & Shapiro, Palm Beach, for appellant.
No appearance for appellee.
ALDERMAN, Judge.
This is an appeal from an order in a dissolution of marriage case entered after final judgment. Appellant was adjudged to be in contempt of court for failure to pay child support and sentenced to mandatory confinement in the county jail for thirty days.
Appellant alleges that the evidence before the trial court was not sufficient to support a finding of wilful contempt. The record on appeal does not include a transcript of the proceedings below. Where an appellant challenges the sufficiency of the evidence he has the burden of bringing before this court a complete record of the proceedings below. In the absence of such a record we must presume that there was sufficient evidence and testimony presented to the trial court to support its findings of fact. Nelson v. State, 85 So.2d 832 (Fla. 1956); Hall v. Bass, 309 So.2d 250 (Fla. 4th DCA 1975).
We are therefore limited to a consideration of any fundamental error which appears on the face of the order. The relevant portion of the contempt order which is the subject of this appeal is set out below.

*1244 "The records reflect that the defendant had never paid any monies whatsoever for the support of his child and that he is delinquent in the payment of support in the sum of $11,165.00 through April 30, 1976. It is the opinion of this Court that in its sixteen years in the practice of law, including ten years on the bench, this is the most flagrant case of child neglect and non-support that the Court has ever seen. It is thereupon
ORDERED that the defendant George Damkohler is adjudged in willful and flagrant contempt of Court and he is hereby remanded to the custody of the Sheriff of Palm Beach County and sentenced to mandatory confinement in the county jail of Palm Beach County, Florida, for a period of thirty (30) days from the time of his arrest. It is further
ORDERED that the defendant shall pay a minimum of $15.00 per week toward the aforementioned arrearage and that he shall hereafter pay the regular weekly support of $35.00 promptly as each payment is due."
Appellant first contends the order is void because it does not make an affirmative finding that appellant had a financial ability to pay the arrears. In support of his contention appellant relies upon Ratner v. Ratner, 297 So.2d 344 (Fla. 3d DCA 1974). However this court in Garo v. Garo, 327 So.2d 845 (Fla. 4th DCA 1976) rejected Ratner. Subsequently the Third District, in the recent case of Flynn v. Flynn, 330 So.2d 782 (Fla. 3d DCA 1976) receded from its holding in Ratner and adopted the rationale of Garo. In the present case the trial court found defendant to be in wilful and flagrant contempt of court. We hold that the failure to make an affirmative finding that appellant had a financial ability to pay the arrears does not make the order void on its face.
Appellant's next point has merit. The mandatory thirty day sentence imposed by the court does not allow appellant the opportunity of obtaining his release by complying with the court's order. In civil contempt proceedings the penalty is coercive rather than punitive. The mandatory sentence imposed in this case fails to recognize and carry into effect the rule established in Florida that in a case of civil contempt the contemnor "carries the key of his prison in his own pocket." State v. Anderson, 168 So.2d 554 (Fla. 1st DCA 1964); Wallens v. Buchanan, 168 So.2d 687 (Fla. 3d DCA 1964); In Re: S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965). This portion of the contempt order is invalid on its face and must be reversed. The remainder of the order is affirmed and the case is remanded to the trial court for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
MAGER, C.J., and CROSS, J., concur.