837 So.2d 601 (2003)
Eddy LAFAILLE, Appellant,
v.
Carolyn LAFAILLE, Appellee.
No. 1D01-5142.
District Court of Appeal of Florida, First District.
February 17, 2003.
*602 Frantz Olivier, Miami, for Appellant.
John O. Williams, of Williams & Holz, P.A., Tallahassee, for Appellee.
BROWNING, J.
Eddy Lafaille, the former husband, appeals a final judgment of dissolution of marriage on the grounds that the trial court abused its discretion by making an inequitable distribution of assets and liabilities, contrary to section 61.075, Florida Statutes (2001); and by imputing income to him for purposes of determining the parties' respective child-support obligations under section 61.30, Florida Statutes (2001). We affirm.
The parties were married in July 1987 and have four children, all of them minors. After nearly 13 years of marriage, the appellant petitioned for a divorce. The former husband currently lives in Miami and is employed as a school teacher in the Miami-Dade County system. Carolyn Lafaille, the former wife, lives in Tallahassee and works as an academic administrator at Florida A & M University. The former marital home is located in Tallahassee.
In his petition for dissolution, the former husband asked the trial court, inter alia, to award custody of the children to the former wife, to divide all outstanding debts equally between the parties, to award child support, and to order the sale of the former marital residence and equally divide the proceeds from the sale. Both parties testified at the dissolution trial, which is not transcribed.
In its final judgment, the trial court found that the former husband earned $2,195.70 bi-weekly ($57,088.20 annually) as a teacher as of October 2000; and that he had earned, currently earned, or had the continuing ability to earn, an additional $500.00 monthly ($6,000.00 annually) from non-teacher employment. Additionally, the court found that the former husband has the ability to earn $2,000.00 monthly ($8,000.00 annually) during the summer months when he is not regularly employed as a teacher. The court calculated his earnings at $5,923.01 monthly ($71,088.20 annually). The former wife's earnings were found to be $4,309.74 monthly ($51,716.88 annually). The final judgment states that the parties maintained retirement accounts through their respective employers and that no evidence of discrepancies was presented regarding the values of their respective accounts. The court found that the former husband had incurred $36,000.00 in personal non-marital debt prior to the parties' separation, whether in his own or her name. The court found no evidence either from the financial affidavit or from the evidence presented at the hearing to support the former husband's claim to have incurred additional debts in the form of school loans.
Under the terms of the final judgment, the former wife was awarded primary parental responsibility for the children. She was made responsible for paying for day care and for before- and after-school care, which she listed as $385.00 and $560.00 monthly, respectively, with the former husband to share the costs proportionately according to Chapter 61, Florida Statutes. Commencing December 1, 2001, the former husband was ordered to remit to the former wife $1,584.84 monthly for child *603 support based on the calculation that their respective parental financial responsibilities are 56.4% (his) and 43.6% (hers) under the statutory guidelines. § 61.30(9), Fla. Stat. He was adjudged in arrearage in the amount of $28,527.12 for child support, to be paid in $250.00 increments monthly commencing at the same time. The former wife was ordered to maintain health and dental insurance coverage for the children, with the parties sharing equally any unreimbursed treatment. Each of the parties was ordered to maintain existing or comparable life insurance naming the other as a beneficiary, to protect the children financially. No alimony was awarded.
The court awarded the former wife the former marital residence along with the current household furnishings. Each party was awarded right, title, and interest in the personal property current in his or her possession, subject to any indebtedness. To the extent that the debts for such items are joint, the party retaining the item was instructed in good faith to seek to have the other's name removed from such debt. Each party was awarded full interest in any bank, stock, investment, or retirement account currently in his or her name. Except as otherwise provided, each party was made responsible for his or her debts individually incurred since the petition filing date. The former husband was made responsible for his own credit card debts, any debts associated with his personal property, his student loans, and his debts relating to three loans under Account # XXXXX-X. The former wife was made responsible for her own credit card debts and all debts associated with her personal property. Each party was made responsible for his or her own attorney's fees and costs. A supplemental final judgment transferred to the former wife all rights, title, and interest in the former marital home.
In his appellate brief, the former husband contends that the trial court failed to make an equitable distribution, resulting in his having substantial liabilities and no assets, and the former wife's getting the former marital home and all the parties' net assets. To relieve this alleged error, the former husband sought a reversal of the final judgment in pertinent part and a remand with instructions to award the former wife exclusive possession of the former marital home until the youngest child reaches 18, after which the residence would be sold and the proceeds equally divided between the parties. Subsequent to the filing of the briefs, the former wife filed a suggestion of mootness with this court alleging that any issue regarding the award of the former marital residence to her is moot because the home has been foreclosed upon and is no longer titled in her name. The former husband neither filed a response to the suggestion nor otherwise contested the allegation of foreclosure. We agree that, under these facts, any consideration of the award of the former marital residence is moot in light of the foreclosure.
The former husband's second ground for challenging the final judgment is that the trial court erred in calculating his imputed income for purposes of determining his child-support obligation. The court set his monthly child-support obligation at $1,584.84. The child-support guidelines provide that the presumptive amount is derived from the statutory "schedules," which are to be applied to the parents' "combined net income." § 61.30(1)(a) & (6), Fla. Stat. Because $1,584.84 is 56.4% (the former husband's share of financial responsibility) of $2,810.00, one can reasonably deduce that the trial court found the parties' combined monthly available income to be $7,900.00. That is, in the column corresponding to *604 parents with four children, $2,810.00 is the presumptive amount where the income is $7,900.00.
The trial court's findings and final judgment come to us clothed with a presumption of correctness and cannot be disturbed absent a record demonstrating reversible error. Boylan v. Boylan, 571 So.2d 580 (Fla. 4th DCA 1990); Moore v. Moore, 512 So.2d 1141 (Fla. 1st DCA 1987). As the appellant, the former husband has the burden to present us with an adequate record to support his appeal. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). The dissolution trial is not transcribed, and the former husband has not submitted a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Where an appellant challenges the sufficiency of the evidence and the record on appeal is so limited, "we must presume that there was sufficient evidence and testimony presented to the trial court to support its findings of fact." Damkohler v. Damkohler, 336 So.2d 1243, 1243 (Fla. 4th DCA 1976). Therefore, we are "limited to a consideration of any fundamental error which appears on the face of the order." Id. Finding no fundamental error on the face of the final judgment regarding the findings regarding income, we AFFIRM the final judgment.
AFFIRMED.
ERVIN and BOOTH, JJ., CONCUR.