861 So.2d 1272 (2003)
Jenise CARNEY, Appellant,
v.
Roderick CARNEY, Appellee.
No. 1D02-1903.
District Court of Appeal of Florida, First District.
December 18, 2003.
*1273 Ron Weaver, Tallahassee, for Appellant.
Samuel H. Lewis, Tallahassee, for Appellee.
BROWNING, J.
The former wife appeals a final judgment dissolving her 6-year marriage to the appellee/former husband. The appellant's first and second issues on appeal relate, respectively, to the sufficiency of the evidence establishing Leon County Circuit Court jurisdiction over the parties and the subject matter, and to the trial court's alleged reliance on an unsigned and (perhaps) false financial affidavit submitted by the appellee. The third issue challenges the appellant's inability to present her case after she failed to appear at the dissolution final hearing, after receiving adequate notice of the date and time. We affirm the final judgment of dissolution of marriage on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
It is unclear whether a court reporter was at the dissolution final hearing. No transcript of the hearing appears in the record on appeal, and the appellant has not filed a statement of the evidence. See Fla. R.App. P. 9.200(b)(4). The trial court's finding that it had jurisdiction over the parties and the subject matter, and its distribution of the parties' marital assets and liabilities, come to this court clothed with the presumption of correctness. Lafaille v. Lafaille, 837 So.2d 601, 604 (Fla. 1st DCA 2003). As the appellant, Former Wife has the burden to prepare and transmit a record, under Rule 9.200(e), sufficient to demonstrate that the trial court reversibly erred. Id.; Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). Without a transcript of the dissolution trial or a statement of the evidence, we cannot meaningfully review the lower tribunal's rulings challenged by the appellant. See Lafaille, 837 So.2d at 604; Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976). Thus, we are "limited to a consideration of any fundamental error which *1274 appears on the face of the order." Id. at 1243; Lafaille, 837 So.2d at 604. Finding no such fundamental error on the face of the record, we AFFIRM the final judgment of dissolution of marriage.
BARFIELD and WEBSTER, JJ. concur.