ALTENBERND, Judge.
Claudia Herrera-Frias appeals the judgment of dissolution of her marriage to Jesus Frias. She challenges the trial court’s decisions relating to equitable distribution. She also challenges the trial court’s decision to award her husband sole parental responsibility for the three children of the marriage while giving her limited contact with the children. Finally, she challenges the trial court’s calculation of child support.
The record in this case does not contain a transcript of the final hearing. As a result, we do not know what evidence the trial court considered when making its decision. We gave Ms. Herrera-Frias an opportunity to provide this court with a transcript, but she has failed to provide a transcript. It appears likely that neither party arranged for that hearing to be recorded.
The record reflects that Ms. Herrera-Frias has not complied with the judgment on appeal. Prior to the entry of the final judgment, she willfully disobeyed a court order, fleeing to Mexico with her three children. She has not returned the children to the United States, despite the fact that at least one of the children is a United States citizen. This court presumably had the authority to dismiss this appeal because of her noncompliance. See Gazil v. Gazil, 343 So.2d 595 (Fla.1977). We have not dismissed the appeal because we are aware that proceedings are pending in Mexico seeking the return of these children to the United States and we want that court to have confidence that this court has accorded a full measure of due process to Ms. Herrera-Frias.
Concerning equitable distribution, we note that the judgment on appeal requires that all property of the marriage in the United States be sold and the proceeds divided equally between the parties. It identifies certain property in Mexico, some of which is awarded to Ms. Herrera-Frias. Although our ability to review the equitable distribution is extremely limited without a transcript, there is nothing in the judgment on appeal that would appear to be incorrect or not in accordance with Florida law.
Concerning child custody and child support, again our review is hampered by Ms. Herrera-Frias’s failure to take the steps necessary to provide a rec *735 ord to this court.[1] Under Florida law, it was her responsibility to take those steps if she wished to challenge a decision by the trial court that was dependent upon the evidence and arguments before that court. See Fla. R. App. P. 9.200(e); Carney v. Carney, 861 So.2d 1272 (Fla. 1st DCA 2008). When a parent is in willful violation of a pretrial order addressing the removal of the children from the jurisdiction of the court, it is well within the discretion of the trial court to award sole responsibility to the parent who is properly before the court and compliant with the orders of that court.
Affirmed.
DAVIS, C.J., and BLACK, J., Concur.

. We note that although Ms. Herrera-Frias is representing herself in this appeal, she was represented by counsel in the trial court until she refused to comply with the order requiring her to return the children to Florida.