NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BETHANY TRACE OWNERS'              )
ASSOCIATION, INC., a Florida nonprofit  )
corporation,                       )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D13-2792
                                   )
WHISPERING LAKES I, LLC, a Florida )
limited liability company; and     )
WATERMEN-PINNACLE, INC., a         )
Florida corporation, f/k/a Bethany Trace )
Estates, Inc.,                     )
                                   )
          Appellees.               )
_____)

Opinion filed February 10, 2017.

Appeal from the Circuit Court for Lee
County; Keith R. Kyle, Judge.

Matthew S. Toll of Toll Law, Cape Coral, for
Appellant.

P. Brandon Perkins of Rogers Towers, P.A.,
Fort Myers, for Appellee Whispering Lakes I,
LLC.

No appearance for Appellee Watermen-
Pinnacle, Inc.

**ORDER ON APPELLEE WHISPERING LAKES' MOTION TO REVIEW GRANT OF APPELLANT'S MOTION FOR APPELLATE ATTORNEY'S FEES**

VILLANTI, Chief Judge.

By motion filed pursuant to Florida Rule of Appellate Procedure 9.400(c), Whispering Lakes I, LLC, seeks review of the trial court's order that granted the motion for appellate attorney's fees filed by Bethany Trace Owners' Association, Inc. (the Association), and awarded it fees in the amount of $15,000. We grant the motion for review, reverse the trial court's appellate fee award, and remand for further proceedings.

On December 3, 2014, this court issued its opinion in Bethany Trace Owners' Ass'n v. Whispering Lakes I, LLC, 155 So. 3d 1188 (Fla. 2d DCA 2014). That decision reversed a summary judgment in favor of Whispering Lakes and codefendant Waterman-Pinnacle, Inc., in a case that arose out of the ownership of certain land associated with the Bethany Trace subdivision. The reversal was based on our determination that the trial court's interpretation of the Association's Covenants, Conditions, Restrictions & Easements (CCR&Es) was legally erroneous. As a result, we remanded for further proceedings.

On the issue of appellate attorney's fees, this court initially entered an order on December 3, 2014, that granted appellate attorney's fees to the Association outright as the prevailing party on appeal. Waterman-Pinnacle filed a timely motion for rehearing on the issue of appellate attorney's fees, and Whispering Lakes filed an untimely motion for rehearing. This court struck Whispering Lakes' untimely motion for rehearing, but we granted Waterman-Pinnacle's motion for rehearing, withdrew the

December 3, 2014, order, and issued a new fee order on January 23, 2015, that authorized an award of appellate attorney's fees but only if judgment was ultimately entered in favor of the Association.

After further proceedings on remand, the trial court entered an order granting summary judgment in favor of the Association on the issue of liability only.[1] The order left open the issue of damages, which was to be set for trial. In the same order, the trial court found that the Association was the prevailing party for purposes of an award of attorney's fees under section 10.4 of the CCR&Es as against Whispering Lakes, but it left the question of the amount of trial court attorney's fees to be determined.

On the same day, the trial court entered a separate judgment awarding the Association $15,000 in appellate attorney's fees against Whispering Lakes. The purported basis for this fee judgment was the order granting summary judgment to the Association on the issue of liability, this court's December 3, 2014, order that provided for an award of appellate attorney's fees in the Association's favor, and the trial court's determination that this court's January 23, 2015, fee order requiring entry of a judgment in the Association's favor did not apply to Whispering Lakes. Whispering Lakes timely filed a motion for rehearing of the appellate fee award, which was denied. This timely motion for review pursuant to rule 9.400(c) followed.

In its motion for review, Whispering Lakes notes that there is no judgment in favor of the Association in the underlying case because damages are still pending.

---

[1]Apparently, the Association settled the case with Waterman-Pinnacle, so there is no issue of fees as between those two parties.

Rather, there is only an order granting a summary judgment on the issue of liability. Therefore, Whispering Lakes contends that the Association is not yet entitled to an award of appellate attorney's fees since an order granting summary judgment on liability is not a "judgment" and this court's January 23, 2015, award of appellate fees was conditioned on the entry of a judgment. In opposition, the Association argues that, as against Whispering Lakes, it does not need to have a judgment entered in its favor because this court's December 3, 2014, order granting appellate attorney's fees outright applies to Whispering Lakes and the January 23, 2015, order qualified with the "judgment" language applied only to Waterman-Pinnacle.

Thus, as teed up by the motion for review and response, there are two issues in play: first, whether this court's award of appellate attorney's fees against Whispering Lakes was contingent on a judgment being entered in favor of the Association, and second whether there has been a judgment entered in favor of the Association sufficient to warrant an award of appellate attorney's fees. The answer to the first question is yes while the answer to the second is no.

As to the first question, the language of this court's January 23, 2015, order on appellate attorney's fees is dispositive. In that order, this court withdrew the order of December 3, 2014, which awarded appellate attorney's fees to the Association outright. In its place, this court issued a new order that awarded appellate attorney's fees "contingent on the ultimate entry of judgment in favor of" the Association. Since the December 3, 2014, was specifically withdrawn and replaced with the new order, the language of the January 23, 2015, order controls and is binding on all parties and the trial court. The trial court's determination that our fee order of December 3, 2014,

- 4 -

continued to apply to Whispering Lakes despite having been withdrawn by this court is thus clearly incorrect.

As to the second question, Whispering Lakes is correct that there has been no entry of a trial court judgment sufficient to entitle the Association to an award of appellate attorney's fees at this juncture. An order that simply grants a motion for summary judgment is not a "judgment" because such an order contemplates further judicial labor. See, e.g., Better Gov't Ass'n of Sarasota Cty., Inc. v. State, 802 So. 2d 414, 415 (Fla. 2d DCA 2001); Harris v. Mosteller, 253 So. 2d 275, 275 (Fla. 2d DCA 1971); see also Judgment, Black's Law Dictionary (7th ed. 1999) (defining a "judgment" as "[a] court's final determination of the rights and obligations of the parties"). While an order granting summary judgment may ultimately lead to entry of a "judgment," it is not a "judgment" in and of itself.

Here, the order at issue does not purport to enter judgment in favor of the Association; it merely grants a motion for summary judgment on the issue of liability. However, our January 23, 2015, order required entry of a judgment before appellate fees could be awarded. Since the contingency required by our order, i.e., entry of a judgment in favor of the Association in the underlying case, has not yet occurred, the award of appellate attorney's fees was premature.

Therefore, we grant Whispering Lakes' motion for review and quash the order awarding the Association $15,000 in appellate attorney's fees. On remand, the

Association may still be entitled to such an award if and when the trial court enters judgment in its favor.

KELLY and CRENSHAW,[2] JJ., Concur.

---

[2]Judge Crenshaw was substituted for Judge Davis, who served on the original panel.