FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D21-1512
_____

DEPARTMENT OF HEALTH,

    Appellant,

    v.

SAEED AKHTAR KHAN,

    Appellee.

_____


On appeal from the Department of Health, Board of Medicine.
Zachariah P. Zachariah, M.D., Chair.


September 14, 2022


M.K. THOMAS, J.

In this administrative appeal, the Department of Health (the Department) seeks review of a final order of the Board of Medicine (the Board) dismissing its Administrative Complaint against Appellee, Saeed Akhtar Khan. The Department contends that the administrative law judge (ALJ) abused her discretion when she denied its motion to amend the complaint and granted Appellee's motion in limine. We affirm the ALJ's denial of Appellant's motion in limine without further comment. However, we reverse the final order, finding the ALJ indeed erred in denying the Department's motion to amend.

## I. Facts

The Department filed an Administrative Complaint against Appellee alleging inappropriate sexual conduct. The Department alleged that after treating T.B. for about thirteen years, Appellee and T.B. arranged to discuss a medical procedure T.B. was to undergo. The Department claimed that while T.B. was at Appellee's office, Appellee made inappropriate sexual advances toward T.B. and told T.B. that he intended to engage in a sexual relationship with her. The Department averred that in doing so, Appellee violated section 458.331(1)(n), Florida Statutes, which authorizes imposition of disciplinary action against a physician for violating section 456.072(1)(v) and/or Florida Administrative Code Rule 64B8-9.008.

Before the hearing on the Administrative Complaint, it became apparent that a central issue in the case was whether T.B. was Appellee's patient when the incident occurred. In the Joint Pre-Hearing Stipulation filed by the parties, the Department described its position as follows:

> [The Department] contends that [Appellee] engaged in sexual misconduct with T.B. on or about February 25, 2020, within a patient-physician relationship. In the alternative, if the physician-patient relationship is found to be terminated, [Appellee] engaged in sexual misconduct as a result of the exploitation of trust, knowledge, influence or emotions, derived from the professional relationship.

Appellee responded that the Department improperly inserted a new alternative theory of prosecution in the proceeding that was not previously charged or presented to the probable cause panel of the Board. Appellee also filed a motion in limine, asking the ALJ to preclude any evidence or argument related to the theory of prosecution based on T.B. being a former patient, arguing the theory was an uncharged claim, and thus, Appellee could not be subject to discipline on this basis.

At a hearing conducted the same day as the motion in limine was filed by Appellee, the ALJ denied an *ore tenus* motion for a

2

continuance made by the Department and granted Appellee's motion.[1] The Department filed a motion for reconsideration, alleging that it requested liberty to amend the complaint rather than have the evidence it sought to admit excluded. According to the Department, the ALJ denied its request because the hearing on the merits was set to occur within days. The Department argued that the ALJ's granting of the motion in limine and denial of its request to amend the Administrative Complaint and for continuance violated its due process rights and constituted reversible error.

The case proceeded to the final hearing where the ALJ heard the Department's motion for reconsideration with the parties stating their arguments on the record. The ALJ denied the motion for reconsideration. The ALJ explained that while the Department had referenced subsection (2) of rule 64B8-9.008 and referred to T.B. as a patient in the Administrative Complaint, it did not reference subsection (6) of the rule, the basis for the alternative theory of disciplinary action, until pre-hearing stipulations were submitted. The ALJ also noted that the Department never referred to T.B. as a former patient.

Following the final hearing, the ALJ issued a Recommended Order.[2] The ALJ concluded that T.B. was no longer Appellee's patient when the sexual incident occurred. The ALJ also noted that due process prohibited the Department from taking disciplinary action against a licensee based on matters not specifically alleged in the charging instrument unless those matters have been tried by consent. Lastly, the ALJ concluded that in the pre-hearing stipulation, the Department attempted to raise

---

[1] A transcript of the hearing is not included in the record as a court reporter was not present.

[2] In the Recommended Order issued by the ALJ, the ALJ noted she had granted the motion in limine after receiving oral arguments from the parties. The ALJ explained that she had denied the Department's oral motion to amend the complaint to add the new theory of the case because the final hearing was set for less than two days away.

3

for the first time a new theory of prosecution based on T.B. being a former patient, and that Appellee could not be subject to discipline for the uncharged conduct. Accordingly, the ALJ recommended the Board enter a final order dismissing the Administrative Complaint.

The Department filed their exceptions to the recommended order, arguing the ALJ had violated its due process rights when she denied its request to amend the Administrative Complaint and that the amendment and any continuance of the hearing would not prejudice Appellee. The Board rejected the Department's exceptions and entered a final order accepting the ALJ's recommended order and dismissing the Administrative Complaint.

## II. Analysis

### A. Preservation

Appellee argues we must affirm the denial of the Department's motion to amend because the issue was not preserved for appeal. Specifically, Appellee claims that because there is no transcript of the motion hearing, it cannot be determined whether the issues raised on appeal were presented to the ALJ below. "For an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation." *Hickmon v. Rachel Bushey Reese, P.A.*, 275 So. 3d 841, 842 (Fla. 1st DCA 2019) (quoting *Holland v. Cheney Bros.*, 22 So. 3d 648, 649–50 (Fla. 1st DCA 2009)); *see also LaCoste v. LaCoste*, 58 So. 3d 404, 405 (Fla. 1st DCA 2011).

Appellate courts presume a trial court's decision is correct absent a record demonstrating reversible error. *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979); *JP Morgan Chase Bank v. Combee*, 883 So. 2d 330, 331 (Fla. 1st DCA 2004). As a result, it is Appellant's burden to demonstrate reversible error. *Applegate*, 377 So. 2d at 1152; *Lafaille v. Lafaille,* 837 So. 2d 601, 604 (Fla. 1st DCA 2003). However, appellate courts generally cannot "reasonably conclude that the trial court so

4

misconceived the law as to require reversal . . . without a record of the trial proceedings." *Applegate*, 377 So. 2d at 1152.

In response, the Department claims that a transcript is unnecessary as there is adequate record evidence to allow for meaningful appellate review, and the error is apparent on the face of the record. The Department is correct that so long as the error is on the face of the record, reversal is proper. *See Burke v. Burke*, 864 So. 2d 1284, 1285 (Fla. 1st DCA 2004) (reversing despite lack of transcript where the order lacked sufficient findings on assets and liabilities as required by statute); *Lafaille*, 837 So. 2d at 604 (holding that where a transcript of the proceedings are not provided, the court is "limited to a consideration of any fundamental error which appears on the face of the order"); *Damkohler v. Damkohler*, 336 So. 2d 1243, 1244 (Fla. 4th DCA 1976) (reversing despite the lack of a transcript where the sentence imposed was contrary to the rule that a person convicted of civil contempt should be given the opportunity to obtain his own release).

Here, we agree with the Department that a transcript of the motion hearing is not necessary for meaningful appellate review given the record evidence establishing the parties' arguments and the ALJ's reasoning for its ruling. In its motion for reconsideration, the Department noted that "[i]n lieu of exclusion of evidence and witnesses, which is an extraordinary remedy, [the Department] requested the ALJ grant an opportunity to amend the Administrative Complaint to fix what the ALJ perceived to be deficient." The Department argued the ALJ abused its discretion in doing so, and that amendment of the complaint could be done quickly because it would not require approval by the probable cause panel.

The ALJ considered the Department's motion for reconsideration at the beginning of the final hearing. Appellee argued that if the ALJ were to amend the complaint, he would need to be able to institute a rule challenge, more discovery would be required, and the claim would need to be presented to the probable cause panel. In the recommended order, the ALJ explained that "[b]ecause the matter was set for final hearing in less than two

5

days, [the Department's] oral motion to amend the Complaint to add its new theory of the case was denied by the undersigned."

In *Reyes v. BAC Home Loans Servicing L.P.*, 226 So. 3d 354, 356 (Fla. 2d DCA 2017), the appellant challenged the trial court's decision to deny her motion to amend the affirmative defenses in a mortgage foreclosure action. The Second District reversed the denial despite the lack of a transcript, noting that the record included the complaint, the appellant's original answer and defenses, the appellant's motion to amend, the appellee's response to the motion for rehearing, and a transcript of the hearing on the motion for rehearing, which included a "recap" of the hearing of the motion to amend. *Id.* at 356–58. The Second District concluded that under these circumstances the lack of a transcript did not impede its consideration of the appellant's challenge to the trial court's denial of her motion to amend. *Id.* at 356.

It is clear from the record that the Department sought to amend the Administrative Complaint to include the alternate theory of the case after the ALJ granted Appellee's motion in limine. The Department urged that if the ALJ were going to grant the motion in limine, it should have the opportunity to amend the Administrative Complaint to cure the alleged deficiency. The ALJ made clear that it denied the Department's request because the final hearing was scheduled to begin in two days. Under the circumstances here, a transcript of the hearing in which the Department originally requested to amend the complaint is not needed to allow for appellate review and we consider the issue preserved. *See id.*; *see also Am. Integrity Ins. Co. v. Estrada*, 276 So. 3d 905, 910 (Fla. 3d DCA 2019) (reversing the trial court's order striking affirmative defense where the trial court's reasoning was evident in the order); *Houk v. PennyMac Corp.*, 210 So. 3d 726, 730–31 (Fla. 2d DCA 2017) (holding that absence of transcript was not critical to the determination of appeal where record was sufficient to determine whether the trial court had properly entered summary judgment).[3]

---

[3] We also note that the ALJ held the hearing on the motion a matter of hours after Appellee filed the motion in limine, and according to the Department, the hearing was only scheduled the

6

*B. Merits*

As to the merits of the Department's claim that the ALJ erred when she denied its motion to amend, under the Florida Administrative Code, a petitioner may amend a petition, after the designation of a presiding officer, if the presiding officer gives leave for the petitioner to do so. Fla. Admin. Code R. 28-106.202. "A party is not precluded from amending its petition during the hearing if there is no showing of prejudice to the opposing party." *Fla. Bd. of Med. v. Fla. Acad. of Cosm. Surgery, Inc.*, 808 So. 2d 243, 256 (Fla. 1st DCA 2002) (citing *Key Biscayne Council v. State, Dep't of Nat. Res.*, 579 So. 2d 293 (Fla. 3d DCA 1991)), superseded on other grounds. Thus, a party's failure to raise an issue in the pleadings will not operate as a conclusive waiver of its right to rely on that issue, but rather, the parties must be afforded a reasonable opportunity to amend the issues to conform to the evidence. *See Univ. Cmty. Hosp. v. Dep't of Health & Rehab. Servs.*, 610 So. 2d 1342, 1347 (Fla. 1st DCA 1992). Generally, "[a]mendments should be liberally allowed." *Optiplan, Inc. v. Sch. Bd. of Broward Cnty.*, 710 So. 2d 569, 571 (Fla. 4th DCA 1998) (quoting *Silver Express Co. v. Dist. Bd. of Lower Tribunal Trustees of Miami-Dade Cmty. Coll.*, 691 So. 2d 1099, 1103 (Fla. 3d DCA 1997)).

The public policy of Florida favors liberality in permitting amendments to pleadings so that the resolution of disputes will be on their merits. *See Morgan v. Bank of New York Mellon*, 200 So. 3d 792, 795 (citing to Fla. R. Civ. P. 1.190(a); *Hatcher v. Chandler,* 589 So. 2d 428, 429 (Fla. 1st DCA 1991)). As stated by this Court, "[a]bsent exceptional circumstances, motions for leave to amend should be granted, and refusal to do so constitutes an abuse of discretion." *Morgan*, 200 So. 3d at 795 (citing to *Thompson v. Jared Kane Co., Inc.,* 872 So. 2d 356, 360 (Fla. 2d DCA 2004)).

"A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." *S. Devs. &*

---

day before on a different motion, making it difficult for the Department to ensure the presence of a court reporter.

*Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 62–63 (Fla. 2d DCA 2011); *see also Morgan*, 200 So. 3d at 795. Here, the Appellee failed to establish that any of these three exceptions to the liberal policy of granting motions to amend applied.

The ALJ simply cited the fact that the final hearing was scheduled to begin in two days as her reason for denying the motion to amend. However, the timing of the Department's motion alone is not determinative of the issue. The Supreme Court of Florida recently addressed the issue of "whether midtrial amendments to a charging document that alter the elements of a criminal defense are per se prejudicial." *Thach v. State*, 47 Fla. L. Weekly S176 (Fla. June 30, 2022). The supreme court answered the question in the negative, holding "that any such amendments should be assessed on a case-by-case basis to determine, based on the totality of the circumstances, if they prejudice the substantial rights of the defendant." *Id.* We find the opinion persuasive and hold that determinations regarding amendment to administrative complaints must also be made on a case-by-case basis, based on the totality of the circumstances.

The totality of the circumstances here support allowing the Department to amend the complaint. Any delay in the proceedings caused by the amendment of the complaint would likely be minimal under the circumstances. The action upon which the charges are based are the same regardless of whether the Department proceeded based on the theory T.B. was a current patient or a former patient when the incident occurred. Appellee does not describe any additional discovery that would need to occur if the complaint were amended to include the theory that the sexual contact at issue was "a result of the exploitation of trust, knowledge, influence or emotions, derived from the professional relationship." *See* Fla. Admin. Code R. 64B8-9.008(6). And even if additional discovery were required, Appellee could have requested a short continuation of the proceedings to complete such discovery. *See Mishpaja Shajine, Inc. v. Granada Ins. Co.*, 319 So. 3d 762, 764 (Fla. 3d DCA 2021) (noting that any prejudice which may be deemed to have existed ordinarily should be remedied, not by denial of the amendment, but by a continuance); *Carib Ocean*

*Shipping, Inc. v. Armas*, 854 So. 2d 234, 236 n.2 (Fla. 3d DCA 2003).

The Department argued below that if amendment was allowed, a probable cause panel would not need to be convened to consider the alterative theory of prosecution. Yet, even if a new probable cause finding were required for the Department to proceed on the alternative theory of prosecution, the ALJ could have relinquished jurisdiction for it to do so and the parties would ensure the probable cause panel was quickly convened. *See,* § 120.569(2), Fla. Stat. ("The referring agency shall take no further action with respect to a preceding under s. 12.57(1), except as a party litigant, as long as the division has jurisdiction over the proceedings under s. 120.57(1).").

Ultimately, the critical issue in this case was whether Appellee's interaction with T.B. constituted sexual misconduct warranting disciplinary action. The ALJ abused her discretion when she denied the Department's motion to amend. *See Key Biscayne Council*, 579 So. 2d at 294–295 ("Although the Council did not file its proposed amendment until the day the administrative hearing began, neither the Florida Administrative Code nor Florida's Administrative Procedure Act preclude the filing of the proposed amendment as untimely or the grant of a continuance to conduct discovery and develop the issue of necessity. Because the proposed amendment raised a critical issue and because the Hotel had not demonstrated how it would have been prejudiced by the amendment or a continuance, we conclude the denial of the motion to amend constituted an abuse of discretion."); *All Risk Corp. of Fla. v. State, Dep't of Lab. & Emp. Sec., Div. of Workers' Comp.*, 413 So. 2d 1200, 1202 (Fla. 1st DCA 1982) (holding it was an abuse of discretion to dismiss petition without leave to amend where the question leading to dismissal was not previously raised or at issue). *Cf. Pilla v. Sch. Bd. of Dade Cnty.*, 655 So. 2d 1312, 1314–13 (Fla. 3d DCA 1995) (finding no abuse of discretion where the school board sought to amend its complaint to include two additional charges where it had presented its case-in-chief and additional discovery may be needed).

## III. Conclusion

In the absence of a showing of prejudice to Appellee, the ALJ abused her discretion in disallowing amendment to the Administrative Complaint. Accordingly, we reverse the final order on appeal.

REVERSED and REMANDED.

B.L. THOMAS and MAKAR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Sarah Young Hodges, Florida Department of Health, Tallahassee, for Appellant.

Jon M. Pellett, Pennington, P.A., Jacksonville; Robert N. Nicholson and Parker D. Eastin, Nicholson & Eastin, LLP, Fort Lauderdale, for Appellee.